UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AEDES DE VENUSTAS, INC.,

                  **Plaintiff,**

vs.

VENUSTAS INTERNATIONAL, LLC,

                  **Defendant.**

07 Civ. 4530 (LTS)(THK)

# COMPLAINT

Plaintiff, Aedes de Venustas, Inc., for its Complaint herein alleges as follows:

## NATURE OF ACTION

1. This action is for infringement of a federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114; for use of false designations of origin and false representations, and unfair competition in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a); for federal dilution in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(c); and for related claims for common law trademark infringement and unfair competition, injury to business reputation and dilution, and deceptive trade practices under New York law.

## THE PARTIES

2. Plaintiff, Aedes de Venustas, Inc. ("Plaintiff"), is a company organized under the laws of the State of New York, with its principal place of business located at 9 Christopher Street, New York, New York 10014.

3. Upon information and belief, Defendant, Venustas International, LLC. ("Defendant"), is a limited liability company organized under the laws of the State of

Delaware with its principal place of business located at 104 Carnegie Center, Princeton, New Jersey. Upon information and belief, Defendant has registered with the New York Department of State as a foreign limited liability company for the purpose of doing business in New York State and maintains an office at 405 Lexington Avenue, 25th Floor, New York, New York for that purpose. Attached at Exhibit 1 is a true and correct copy of a printout from a) the State of Delaware Division of Corporations web site and b) the New York Department of State Web site each of which provides entity information concerning Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367 as it involves substantial claims arising under the Trademark Laws of the United States together with related claims under New York law.

5. This Court has personal jurisdiction over Defendant, which, upon information and belief, maintains an office in this judicial district, is transacting business in the State of New York, and is committing infringing acts in the State of New York.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 as Defendant resides in this judicial district and the events giving rise to the claims occurred in this judicial district.

## COUNT ONE

### INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114

#### AEDES DE VENUSTAS'S TRADE NAME AND TRADEMARK

7. For over twelve years, and since long prior to the acts of Defendant complained of herein, Plaintiff has used the AEDES DE VENUSTAS trade name and trademark in developing its business as a specialty retailer of fragrance, bath and body products business in New York, nationally and internationally. In addition to its specialty

retail business, Plaintiff has begun consulting in developing customized fragrances and scented candles.

8. Since long prior to the acts of Defendant complained of herein, Plaintiff has extensively promoted its trade name and trademark AEDES DE VENUSTAS in connection with its specialty retail fragrance, bath and body products and consulting services through various means, including its Internet website located at www.aedes.com, such that its name and mark has become widely known and recognized by the public and the trade. As a result of Plaintiff's substantial investment in developing and promoting the AEDES DE VENUSTAS name, the AEDES DE VENUSTAS mark has come to identify and distinguish Plaintiff's products and services sold under that name and mark, and represents enormous goodwill of great value belonging exclusively to Plaintiff.

9. In recognition of its exclusive and extremely valuable rights and goodwill in the AEDES DE VENUSTAS name and mark, the AEDES DE VENUSTAS mark has been registered in the United States Patent and Trademark Office for a wide variety of fragrance, bath and body goods and services. Plaintiff owns U.S. Registration No. 3,082,887, issued April 18, 2006 and U.S. Registration No.3,076,652, issued April 4, 2006, for the mark AEDES DE VENUSTAS for "Retail store services, catalog and on-line retail services in the fields of fragranced products, bath products, cosmetics, skin care products, and scented candles." This registration is valid and subsisting, and in full force and effect. Plaintiff is the owner of this registration and the trademark shown therein and all of the business and goodwill connected therewith and symbolized thereby. A true and correct copy of this registration is attached hereto at Exhibit 2.

**DEFENDANT'S WRONGFUL AND UNLAWFUL
USE OF AEDES DE VENUSTAS'S TRADE NAME AND TRADEMARK**

10. Upon information and belief, with full knowledge of the AEDES DE VENUSTAS name and mark, and the tremendously valuable goodwill that Plaintiff has built over the years in New York, throughout the United States and internationally, and

long after Plaintiff's exclusive and continuous use of its AEDES DE VENUSTAS name and mark, Defendant adopted and registered to use the name VENUSTAS in its business name.

11. Upon information and belief, with full knowledge of the AEDES DE VENUSTAS name and mark, and the tremendously valuable goodwill that Plaintiff has built over the years, and long after Plaintiff's exclusive and continuous use of its AEDES DE VENUSTAS name and mark, Defendant adopted the name VENUSTAS in its business name for use with the advertising and sale of its consulting services related to niche fragrance, bath and body related goods and services.

12. On March 16, 2007, an article appeared on the front page of Women's Wear Daily ("WWD"), the daily newspaper that is widely read in the beauty and fashion field. The article was titled, "New in Beauty: Ann Taylor Taps Robin Burns to Develop Collection" and goes on to describe Ann Taylor's plan to sell fragrance, bath and body products. The article quotes Kay Krill, president and chief executive officer of Ann Taylor Stores as saying, "We're entering the beauty business and have selected Robin and her company, Venustas International, as our partner." The article describes Defendant's mission as "to design, develop and deliver private label beauty products." The article also describes Burns as saying that "specialty stores represent the fastest-growing channel for the beauty business, growing at a 9.1 percent rate from 2001 to 2006." A true and correct copy of the article is attached hereto as Exhibit 3.

13. Immediately following publication of the WWD article, the Plaintiff began receiving numerous telephone calls asking to speak with Sam Ghusson, Defendant's President and Chief Executive Officer. Plaintiff also received numerous telephone calls from people in the fashion and beauty field congratulating the Plaintiff on or asking about its new contract with Ann Taylor. These telephone calls are evidence of **actual confusion** between the Plaintiff's trademark and the Defendant's company.

14.  Plaintiff received in the mail an invoice dated April 9, 2007 from a company called LanguageWorks addressed to "Ms. Ellen Manger, Venustas International, LLC, 9 Christopher Street, New York, NY 10014." Plaintiff returned the invoice to the sender with a notation that "this company does not exist at this address." Subsequently, Plaintiff received an invoice dated May 3, 2007 from LanguageWorks, which again was addressed to "Ms. Ellen Manger, Venustas International, LLC, 9 Christopher Street, New York, NY 10014." Again Plaintiff returned the invoice to the sender with the notation, "5/9 2nd fax. Venustas Intl is not located at this address, not affiliated with us, which is Aedes De Venustas, Inc., 9 Christopher St, New York, NY 10014." A true and correct copy of those two invoices is attached hereto as Exhibit 4. These two invoices are further evidence of **actual confusion** between Plaintiff's trademark and Defendant's company.

15.  On April 16, 2007, Plaintiff, through its attorneys, sent a letter to Defendant's 405 Lexington Avenue, New York address, demanding that it cease its infringement, unfair competition and dilution of Plaintiff's well-known AEDES DE VENUSTAS name and mark. A true and correct copy of this letter is attached hereto at Exhibit 5. Plaintiff, through its attorneys, obtained confirmation that the letter addressed to Defendant's registered business address was delivered. A true and correct copy of the signed certified mail return receipt postcard is attached hereto at Exhibit 6. The postcard was signed by "Karina L. Garcia."

16.  On May 7, 2007, Plaintiff, through its attorneys, received a letter from Defendant's counsel disputing that the Defendant is infringing on Plaintiff's trademark and refusing to desist from its activities.

17.  Defendant's use and threatened continued use of the name and mark VENUSTAS INTERNATIONAL is likely to cause confusion, to cause mistake, and to deceive as to the source, origin, or sponsorship of Defendant's services and to cause the public wrongly to associate AEDES DE VENUSTAS with the Defendant and to believe

that Defendant is somehow affiliated or connected with, or licensed, sponsored, or approved by Plaintiff.

18. Defendant's use and threatened continued use of the name and mark VENUSTAS INTERNATIONAL constitute the use of a false designation of origin and false representation of Defendant's services.

19. Defendant's use and threatened continued use of the name and mark VENUSTAS INTERNATIONAL is likely to cause Plaintiff to lose the ability to control its reputation and image among the public.

20. Defendant's use and threatened continued use of the name and mark VENUSTAS INTERNATIONAL is likely to gain acceptance for Defendant's services by trading on the merit, reputation, and goodwill built up by Plaintiff's extensive use, advertising, and marketing of products and services under the AEDES DE VENUSTAS name and mark.

21. Defendant's use and threatened continued use of the name and mark VENUSTAS INTERNATIONAL has been with full knowledge of Plaintiff's prior rights and with intent to confuse consumers and to benefit from the goodwill of Plaintiff.

22. The aforesaid acts of Defendant constitute willful and intentional infringement of Plaintiff's federally registered trademark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

23. Defendant's aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

## COUNT TWO

### FALSE DESIGNATIONS OF ORIGIN AND FALSE REPRESENTATIONS, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)

24. Plaintiff repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 23 above.

25. Defendant's aforesaid acts constitute willful and intentional use of false designations of origin and false representations, and unfair competition in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

26. Defendant's aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

## COUNT THREE

### FEDERAL DILUTION UNDER 15 U.S.C. § 1125(c)

27. Plaintiff repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 26 above.

28. Defendant's aforesaid acts constitute willful and intentional dilution of the distinctive quality of, and tremendous goodwill associated with Plaintiff's famous name and trademark in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

29. Defendant's aforesaid acts have resulted in actual dilution of Plaintiff's famous name and trademark.

30. Defendant's aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

## COUNT FOUR

### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER NEW YORK LAW

31. Plaintiff repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 30 above.

32. Defendant's aforesaid acts constitute willful and intentional trademark infringement and unfair competition under the common law of the State of New York.

33. Defendant's aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

## COUNT FIVE

### INJURY TO BUSINESS REPUTATION AND DILUTION UNDER NEW YORK LAW

34. Plaintiff repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 33 above.

35. Defendant's aforesaid acts are likely to injure the business reputation of Plaintiff and dilute the distinctive quality of the AEDES DE VENUSTAS name and mark in violation of N.Y. Gen. Bus. Law § 360-l.

36. Defendant's aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

## COUNT SIX

### DECEPTIVE TRADE PRACTICES UNDER NEW YORK LAW

37. Plaintiff repeats and realleges, as if fully set forth herein, the allegations contained in paragraphs 1 through 36 above.

38. Defendant's aforesaid acts constitute deceptive trade practices in violation of N.Y. Gen. Bus. Law § 349.

39. Defendant's aforesaid acts have caused and, unless restrained by this Court, will continue to cause great and irreparable injury to Plaintiff, for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

1. declare, adjudge and decree that Defendant's aforesaid acts constitute infringement of Plaintiff' federally registered trademark in violation of 15 U.S.C. § 1114;

use of false designations of origin and false representations, and unfair competition in violation of 15 U.S.C. § 1125(a); federal dilution in violation of 15 U.S.C. § 1125(c); trademark infringement and unfair competition in violation of the common law of the State of New York; injury to Plaintiff' business reputation and dilution in violation of N.Y. Gen. Bus. Law § 360-1; and deceptive trade practices under N.Y. Gen. Bus. Law § 349;

    2.    grant preliminary and permanent injunctions restraining Defendant, and its officers, directors, agents, servants, employees, attorneys and those persons in active concert or participation or otherwise in privity with them from engaging in further acts constituting trademark infringement, false designations of origin and false representations, and unfair competition, injury to business reputation and dilution, and deceptive trade practices, including the use and registration of the name and mark AEDES DE VENUSTAS alone or in connection with other terms or a name or mark incorporating either of the terms "AEDES" or "VENUSTAS";

    3.    order that Defendant file with the Court and serve upon Plaintiff within thirty (30) days after service upon Defendant of this Court's injunction issued in this action, a written report, signed under oath, setting forth in detail the manner in which Defendant has complied with such injunction, including confirmation that Defendant is not using in any manner the name and mark AEDES DE VENUSTAS alone or in connection with other terms, or a name or mark incorporating either of terms "AEDES" or "VENUSTAS", and that Defendant has recorded with the Delaware Department of State a change of company name that does not include AEDES DE VENUSTAS alone or in connection with other terms or does not include either of the terms "AEDES" or "VENUSTAS";

    4.    order the State of Delaware to dissolve the company name Venustas International, LLC from the records of the Delaware Department of State if Defendant fails to file with the Court and serve upon Plaintiff within thirty (30) days after service

upon Defendant of this Court's injunction issued in this action, a written report, signed under oath, confirming that Defendant has recorded with the Delaware Department of State a change of company name that does not include AEDES DE VENUSTAS alone or in connection with other terms or does not include either of the terms "AEDES" or "VENUSTAS";

5. order that Defendant account to Plaintiff for, and that Plaintiff be awarded Defendant's profits from sales of its services advertised, promoted, marketed, sold, offered for sale, or provided under the name VENUSTAS INTERNATIONAL, LLC, together with such increased sum in addition thereto as the Court shall find just in view of the willful and intentional nature of Defendant's infringing and tortious acts;

6. award Plaintiff its damages arising out of Defendant's infringing and tortious acts, together with an amount which is three times the amount found as actual damages;

7. award Plaintiff its costs, disbursements and reasonable attorneys' fees incurred in bringing this action;

8. award Plaintiff punitive damages to the extent permitted by law; and

9. award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph M. Heppt, Esq. (JH-4974)
Law Offices of Joseph M. Heppt
521 Fifth Avenue, Suite 1805
New York, New York 10175
(212) 973-0839