Robert G. Shepherd, Esq. (RS5946)
MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Tel: (6099 924-8555

Philip Colicchio, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540
Tel: 609 987-0022
Attorneys for Defendant




UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEDES DE VENUSTAS, INC., : | |
| Plaintiff, : | Civil Action No.: 1:07-04530 (LTS) |
| : | STIPULATED DISCOVERY |
| v. : | CONFIDENTIALITY ORDER |
| : | |
| VENUSTAS INTERNATIONAL, LLC, : | |
| Defendant. : | |

Whereas, the parties agree that protection of designated information produced in this action is warranted because plaintiff AEDES DE VENUSTAS, INC., ("Plaintiff") and defendant VENUSTAS INTERNATIONAL, LLC. ("Defendant") possess, control, or have in their custody certain non-public information that they consider to be highly confidential, the public disclosure of which would present the prospect of competitive harm, and the volume of this non-public information is such that an advance review and designation by the Court would be impractical.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and with the stipulation of the parties, it is hereby ORDERED:

1. <u>Designated Material</u>. Any party to this action shall have the right to designate any

material produced during discovery (including but not limited to exhibits, documents, and things produced by any party or witness, including the production of documents or other information in response to third party subpoenas, answers to interrogatories, responses to requests for admissions, responses to requests for production, declarations, affidavits, and deposition testimony or transcripts) which comprises or contains information which such party claims in good faith to constitute trade secrets, proprietary information, confidential research (including but not limited to market research and demographic information), product development, the development and creation of advertising, commercial information (including but not limited to business plans and license agreements), financial information (including but not limited to sales figures and advertising expenditures), or personnel information (collectively referred to hereinafter as "Designated Material") as (a) "CONFIDENTIAL" or (b) because of its competitively sensitive nature, "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

    a.    Information, documents, and things may be designated as "CONFIDENTIAL" if they relate to (i) sales or marketing information; (ii) any other commercially sensitive business information, documents, or things; (iii) personal information concerning present, former employees or persons who were considered for or who applied for employment such as their social security numbers, employment agreements, compensation, non-public job responsibilities or descriptions.

    b.    Information, documents, and things may be designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" if they relate to (i) technical trade secrets or technical proprietary information; (ii) research, development, design, implementation, plans, or technical information relating to current, past, proposed or potential future products whether or not such information ever resulted in a

commercial product; (iii) production and manufacturing information including cost information; (iv) customer lists, contacts, proposals, communications and/or information concerning relationships with third parties such as business partners, joint venturers or suppliers; (v) financial trade secrets or (vi) or information that the providing party is under a preexisting obligation to a third party to treat as confidential.

2. <u>Marking and Deposition Procedures</u>. A designation as to documents or any other tangible thing produced shall be made by placing an appropriate legend on each page of the document, or on the cover of the document, or in a prominent place on any other tangible thing. If only a portion or portions of the material on a page or on a tangible thing qualifies for protection, the producing party or witness must clearly identify the protected portion(s) (e.g., by making appropriate marking in the margins) and shall specify for each portion the level of protection being asserted (either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" as defined in paragraph 1 of this Stipulated Discovery Confidentiality Order). While in a deposition, during discussion of any non-documentary protected information, a party shall make an oral note of the protected nature of the information in which it has an interest as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" and ask that the reporter make a designation at the beginning of the affected testimony, and any persons not entitled to this information under this Order shall be excluded from that portion of the deposition which contains the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation. In addition, within fourteen (14) days following the service of the transcript by the party that took the deposition, which may be shortened or extended upon agreement by the parties, any interested party may designate portions of the transcript and any documents or

3

attachments thereto as either "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by providing a written notice of the designated portions to all other parties, in which case all recipients of such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the designating party or witness. Pending expiration of such fourteen (14) day period, all parties and, if applicable, all third party witnesses or attorneys, shall treat the entire deposition transcript as if it has been designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY". Transcript pages containing Designated Material shall be separately bound by the court reporter, who shall affix on each such page the legend "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the party or witness offering the testimony.

3. Restriction on Disclosure and Use. The restrictions set forth in the preceding paragraphs shall not apply to information, documents, or things which (i) at or prior to disclosure thereof in this action, is or was a matter of public knowledge or was independently developed by the receiving party, or (ii) after disclosure thereof, becomes public knowledge other than by act or omission of the receiving party or its agents, experts, and attorneys, or (iii) is disclosed by the producing party without restriction to a third party who is not subject to this Stipulated Discovery Confidentiality Order. No party hereto shall be bound by this Stipulated Discovery Confidentiality Order as to any information, documents, or things which it possessed prior to this Stipulated Discovery Confidentiality Order, unless such information, documents or things were obtained under circumstances requiring its treatment as confidential, or unless a producing party notifies a receiving party that information, documents, or things provided to the receiving party in response to a discovery request prior to the date of the entry of the Stipulated Discovery Confidentiality Order is identified as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS'

EYES ONLY" as provided for in paragraph 1 of this Stipulated Discovery Confidentiality Order. In addition, and without limiting the foregoing, a receiving party may give access to and/or disclose the contents of Designated Material only as provided in Sections 4, 5, 9, 10, and 11, below.

    4.    <u>Access - "CONFIDENTIAL"</u>. Designated Material marked "CONFIDENTIAL" shall be available only to:

    a.    Any outside counsel of record to this action as well as to one designated in house counsel of a party associates, stenographic, clerical, and support staff of the outside counsel of record whose functions require them to have access to the "CONFIDENTIAL" information.

    b.    Employees of third-party contractors involved solely in one or more aspects of (i) organization, copying, copy filing, copy coding, converting, storing, or retrieving data, (ii) designing simulation, exhibits, or trial aids, or designing programs for handling data in connection with this litigation, including providing computerized litigation support, (iii) jury consultant services, provided that each contractor involved in one or more aspects under (ii or iii) above has agreed in writing before access to such "CONFIDENTIAL" information is given, to be bound by the terms of this Stipulated Discovery Confidentiality Order by signing a copy of the Acknowledgment Of Confidentiality Order And Agreement To Be Bound; and

    c.    For the sole purpose of assisting Outside Counsel in connection with this action, the parties may designate two "Client Representatives" to whom information, documents, and things designated as "CONFIDENTIAL" (but not

"CONFIDENTIAL-ATTORNEYS' EYES ONLY") pursuant to this Stipulated Discovery Confidentiality Order may be disclosed. Confidential information shall not be disclosed to any Client Representatives until: (a) that person has executed a copy of the Acknowledgment Of Confidentiality Order And Agreement To Be Bound acknowledging that he or she has read a copy of this Stipulated Discovery Confidentiality Order and agrees to be bound by its terms and (b) the fully executed copy of the Acknowledgment Of Confidentiality Order And Agreement To Be Bound by the Client Representatives is furnished to the Outside Counsel for the Producing Party. The signed undertaking shall be provided to counsel for the Producing Party at least ten (10) calendar days before "CONFIDENTIAL" documents are provided to the Client Representatives and the Producing Party may, within that time, object to the disclosure of its information to the Client Representatives and shall follow the same procedures and time limitations specified by paragraph 11 of this order with respect to such Client Representatives.

d.  Any independent consultant or expert (including assistants and office personnel thereof) who are not in the employ of a party and who are directly and actively assisting attorneys of record for the parties in the preparation of this proceeding to the extent necessary for the conduct of this action. Confidential information shall not be disclosed to any independent consultant or expert until: (a) that person has executed a copy of the Acknowledgment Of Confidentiality Order And Agreement To Be Bound acknowledging that he or she has read a copy of this Stipulated Discovery Confidentiality Order and agrees to be bound by its terms

and (b) the fully executed copy of the Acknowledgment Of Confidentiality Order And Agreement To Be Bound by the independent consultant or expert is furnished to the Outside Counsel for the Producing Party. The signed undertaking shall be provided to counsel for the Producing Party at least ten (10) calendar days before "CONFIDENTIAL" documents are provided to the independent consultant or expert and the Producing Party may, within that time, object to the disclosure of its information to the independent consultant or expert and shall follow the same procedures and time limitations specified by paragraph 11 of this order with respect to such independent consultant or expert.

e. Deposition Court reporters.

f. This Court, any jury in this action, and any Appeals Court having jurisdiction to review this Court's decision in this action and the personnel thereof, including court reporters (hereinafter, all references to the "Court" shall include Appeals Courts).

5. <u>Access - "CONFIDENTIAL-ATTORNEYS' EYES ONLY"</u>. Designated Material marked "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be available only to those persons designated in Sections 4(a), (b), (d), (e) and (f), above.

6. <u>Procedures for Filing Confidential Material</u>. <u>To the extent that it is necessary to file</u> any documents or things that have been designated "CONFIDENTIAL" OR "CONFIDENTIAL-ATTORNEYS' EYES ONLY" with the Court in connection with this action, such documents or things shall be filed under seal according to the Court's adopted procedure.

7. <u>Redacted Filings.</u> Redacted versions of sealed documents and materials may be filed with the Court in accordance with the Court's adopted procedures.

8. <u>Agreement Regarding Disclosure of Designated Material.</u> In no event shall any Designated Material or information derived from such Designated Material be disclosed to any person other than those identified in paragraphs 4 and 5 of this Order, except by order of the Court, by written agreement and/or stipulation of the parties, or pursuant to provision 9, below.

9. <u>Disclosure Pursuant to Subpoena.</u>

   a. If a party in possession of Designated Material receives a subpoena or other compulsory process in any other proceeding or litigation seeking production or other disclosure of "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" material, that party shall give written and telephone notice to counsel for the producing party within ten (10) days after receipt of the subpoena or other compulsory process, or as soon as practical if the subpoena or other compulsory process calls for the production of Designated Material within ten (10) days, identifying the Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the producing party timely seeks a protective order, the party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material sought by the subpoena or other compulsory process prior to receiving a court order or the consent of the producing party. In the event that such Designated Material is produced, such material shall continue to be treated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by the parties to this Stipulated Discovery Confidentiality Order.

   b. If a party issues a subpoena upon a third party witness and another party asserts that the subpoena calls for the production of confidential or possibly confidential materials, the party issuing the subpoena shall instruct the third party witness to produce the materials to the party asserting confidentiality or possible confidentiality for review. Within ten (10) days of

8

receipt, the party asserting confidentiality or possible confidentiality shall forward the materials to the subpoenaing party designated in accordance with the Stipulated Discovery Confidentiality Order.

10. <u>Disclosure to Authors and Previous Recipients</u>. The designation of any document or material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," shall not preclude any party from showing such document or material to any person who appears as the author, source of, or as the recipient on the face of such document or material. This Section applies only to Designated Material and does not permit disclosure of other confidential material.

11. <u>Procedure for Seeking Additional Disclosures.</u> Prior to any disclosure of any Designated Material, other than as provided in Sections 4, 5, 9, and 10, above, counsel desiring to make such disclosure shall first provide ten (10) business days prior written notice of his or her desire to make such disclosure to counsel for the designating party, stating therein the specific material to be disclosed, and the name, address, and position of the person to whom such disclosure is to be made. If within this ten (10) business day period the designating party responds with a written refusal to permit the proposed disclosure, then counsel for the parties shall meet and confer within an additional ten (10) business day period in a good faith effort to resolve their differences. If, after the meet and confer, the parties are unable to resolve their differences, the party desiring the disclosure may, upon duly noticed motion, seek an order from the Court permitting the disclosure. In the event that the designating party provides written response permitting the desired disclosure, then prior to any disclosure, other than as provided in Sections 4, 5, and 9, above, the person to whom the proposed disclosure shall be made must sign a copy of the "Acknowledgment Of Confidentiality Order And Agreement To Be Bound," set forth as "Exhibit A" to this Order, and agree to be bound by all terms and conditions of this

9

Order. The party disclosing the Designated Material shall retain a copy of the signed the Acknowledgment Of Confidentiality Order And Agreement To Be Bound.

12.     <u>Responsibility of Attorneys.</u>  Counsel of record shall be responsible for providing a copy of this Order to all persons entitled to receive Designated Material pursuant to Sections 4, 5, and 11, above, and to employ reasonable measures to control duplication of, access to, and distribution of copies of such Designated Material. No person shall duplicate any Designated Material marked "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY," except for use as exhibits at depositions, in connection with Court filings, discovery, pre-trial and trial proceedings, or by counsel as working copies.

13.     <u>Modification of This Order.</u>  This Order is entered without prejudice to the right of any party to apply, under the Federal Rules of Civil Procedure, to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information, or to seek relief from inadvertent disclosure of privileged or attorney work product information. This Order does not preclude the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order subject to the Court's review. This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall the Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided for by this Order.

14.     <u>Procedure for Contesting and/or Objecting to Designation</u>.  No party to this proceeding shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent

10

challenge in this or any other action as to the propriety of such designation. Further, notwithstanding anything else in this stipulation and order, any party to this stipulation may, at any time, object to or otherwise contest the designation of any document or material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY." To make such objection or otherwise contest such designation, such party must give counsel for the designating party or third-party written notice of its reasons for the objection and then meet and confer with counsel for the designating party in a good faith effort to resolve their differences. If, after the meet and confer, the parties are unable to resolve their differences, the objecting party may, on duly noticed motion or application if necessary, seek an order from the Court changing or removing the designation. The burden of establishing the proprietary nature of the material whose designation is being challenged shall rest with the party that made the designation. Until the Court rules on such challenge, all the parties shall continue to afford the material at issue the level of protection to which it is entitled under the producing party's designation.

15.    <u>Inadvertent Failure to Designate</u>. Notwithstanding Section 2 above, if within 14 calendar days of discovery of error, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" does not, standing alone, waive the designating party's right to secure protection under this Order for such material. There shall be no adverse inference from a misclassification of documents or information. If material is appropriately designated as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" after the material was initially produced, the party receiving such material, timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

16.    <u>Inadvertent Production of Privileged Materials</u>. Production shall not constitute a

waiver of the attorney-client privilege or the attorney work-product immunity provided that, within 14 calendar days of discovery of such production, the producing party identifies the information, document, or thing, and presents a showing that the information, document, or thing should have been protected from disclosure by the attorney-client privilege or the attorney work-product immunity and that the production was inadvertent. Within seven calendar days of the producing party's presentation of a showing of privilege or immunity and a showing of inadvertent production, the receiving party shall return the originals and all copies of the privileged or immune information, document, or thing. If a dispute arises with regard to the sufficiency of a showing and is not promptly resolved, the receiving party may alternatively serve the producing party with a letter disputing the sufficiency of a showing within seven calendar days of the producing party's presentation of a showing of privilege or immunity and a showing of inadvertent production. The receiving party's failure to serve the producing party with a letter disputing the sufficiency of a showing within seven calendar days of the presentation of the showing shall waive the right to claim that the information, document, or thing is not protected by privilege or immunity. Within seven calendar days of receiving a letter disputing the sufficiency of a showing, the producing party may file a motion to maintain the protection of the inadvertent disclosure by the attorney-client privilege or the attorney work-product immunity. The producing party's failure to file a motion within seven calendar days of receiving a letter disputing the sufficiency of a showing shall waive the right to claim that the information, document, or thing is protected by privilege or immunity. Pending the Court's determination of any motion to maintain the protection of the inadvertent disclosure, the information, documents, or things shall be treated as though there was no waiver of the attorney-client privilege or attorney work-product immunity. In the resolution of such motion, the

producing party shall have the obligation of showing a good faith basis for contending that the production was inadvertent and that the information, documents, or things should have been protected by privilege or immunity.

17.     Final Disposition.  Upon the final disposition of this action, the attorneys for the parties shall retrieve and return any Designated Material to the party or witness from whom it was obtained or destroy such Designated Material and all copies thereof, pursuant to the instructions of the designating party, unless otherwise agreed to in writing by the designating party or ordered by the Court.  If no instructions are received, all Designated Material shall be destroyed within sixty (60) days after the conclusion of a final non-appealable order or determination.  When Designated Material has been destroyed pursuant to this Section, a certificate of destruction shall be prepared and provided to counsel for the opposing party indicating such Designated Material has been destroyed.

18.     Termination.  The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or the Court orders otherwise.

SO ORDERED AND SIGNED this 11 day of June 2007.

_____
HONORABLE LAURA TAYLOR SWAIN
U.S. District Court District
For the Southern District of New York

Approved by: