UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AEDES DE VENUSTAS, INC.,

                              Plaintiff,

vs.

VENUSTAS INTERNATIONAL, LLC,

                              Defendant.

____ Civ. _____ (___)

DECLARATION OF ROBERT GERSTNER IN SUPPORT OF PLAINTIFF AEDES DE VENUSTAS, INC.'S MOTION FOR PRELIMINARY INJUNCTION

ROBERT GERSTNER, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am over the age of 18 and make this declaration in support of plaintiff, Aedes De Venustas, Inc.'s motion for preliminary injunction. Except for those matters set forth on information and belief, I make this declaration of my own knowledge and could and would testify as to the matters set forth below if called upon to do so.

2. I am the Vice-President of the Plaintiff, Aedes De Venustas, Inc., a New York corporation with its principal place of business at 9 Christopher St, New York, New York 10014. Aedes De Venustas, Inc. I am personally responsible for the business operations of the company.

3. Aedes De Venustas, Inc. was formed in 1994 and began doing business as a specialty retailer of fragrances, bath and body products, and scented candles under the name Aedes De Venustas. Over the years, Aedes De Venustas, Inc. has diligently developed its business and name recognition both nationally and internationally.

4. In recognition of its exclusive and extremely valuable rights and goodwill in the AEDES DE VENUSTAS name and mark, the AEDES DE VENUSTAS mark has been registered in the United States Patent and Trademark Office for a wide variety of fragrance, bath and body products. Plaintiff owns U.S. Registration No. 3,082,887, issued

April 18, 2006 and 3,076,652, issued April 4, 2006, for the mark AEDES DE VENUSTAS for "Retail store services, catalog and on-line retail services in the fields of fragranced products, bath products, cosmetics, skin care products, and scented candles." This registration is valid and subsisting, and in full force and effect. Plaintiff is the owner of this registration and the trademark shown therein and all of the business and goodwill connected therewith and symbolized thereby. A true and correct copy of this registration is attached hereto at Exhibit A.

### Plaintiff's Ownership and Exploitation of its Trademark

5. Since January 1995, Plaintiff has spent in excess of $440,000 developing and promoting the trade name Aedes De Venustas through consumer marketing, industry activities and its internet website. As a result of its efforts, Plaintiff's revenues derived from its trade name have increased steadily over the years to over $1.4 million in 2006.

6. As a result of the effort to develop and promote its mark, Aedes De Venustas has been mentioned in countless newspaper and magazine articles both in the United States and internationally. A representative sample of the press clippings is attached hereto as Exhibit B.

7. In recognition of our efforts to develop and promote our mark, in 2002 we received an award from the Fashion Group International. We were named "Retail Finalist" and were awarded the "2002 Rising Star Awards." A copy of that award is attached hereto as Exhibit C.

### Defendant's Infringement

8. On March 16, 2007, I read an article that appeared on the front page of Women's Wear Daily. The article was titled, "New in Beauty: Ann Taylor Taps Robin Burns to Develop Collection" and goes on to describe Ann Taylor's plan to sell fragrance, bath and body products. The article quotes Kay Krill, president and chief executive officer of Ann Taylor Stores as saying, "We're entering the beauty business and have selected Robin and her company, Venustas International, as our partner." The

article describes Defendant's mission as "to design, develop and deliver private label beauty products." The article also describes Burns as saying that "specialty stores represent the fastest-growing channel for the beauty business, growing at a 9.1 percent rate from 2001 to 2006." A true and correct copy of the article is attached hereto as Exhibit D.

9.  It was immediately clear to me that this "new" company, Venustas International, LLC, was trying to capitalize on the name and reputation that the Plaintiff had built up over the years in the beauty industry and a specialty retailer of fragrance, bath and body products. I was terribly concerned that people both in the industry as well as the general public would be confused by this new company's name and assume that they were somehow related to Aedes De Venustas.

### There Has Been Actual Confusion Regarding Plaintiff's Trademark and Defendant's Company Name

10.  Almost immediately after the article was published, my partner Karl Bradl and I, along with our employees at our store, began receiving telephone calls from people asking to speak with people at Venustas International, LLC including Sam Ghusson, the President and Chief Executive Officer. We also received, and continue to receive, numerous telephone calls from people in the fashion and beauty field congratulating us on or asking about our new contract with Ann Taylor. Thus, our fear that there would be confusion unfortunately was realized.

11.  In addition to these telephone calls, I received in the mail two invoices from a company called LanguageWorks dated April 9, 2007 and May 3, 2007 both addressed to Venustas International, LLC at Aedes De Venustas' address on Christopher Street. A copy of those two invoices is attached hereto as Exhibit E. I returned the invoices to the sender with a notation that there is no company called Venustas International at our address.

### Plaintiff's Demand to Cease and Desist

12. On April 16, 2007, Plaintiff, through its attorneys, sent a letter to Defendant's 405 Lexington Avenue, New York address, demanding that it cease its infringement, unfair competition and dilution of Plaintiff's well-known AEDES DE VENUSTAS name and mark. A true and correct copy of this letter is attached hereto at Exhibit F. Plaintiff, through its attorneys, obtained confirmation that the letter addressed to Defendant's registered business address was delivered. A true and correct copy of the signed certified mail return receipt postcard is attached hereto at Exhibit G. The postcard was signed by "Karina L. Garcia."

13. On May 7, 2007, Plaintiff, through its attorneys, received a letter from Defendant's counsel disputing that the Defendant is infringing on Plaintiff's trademark and refusing to desist from its activities. Based upon this response, it was apparent that there would be no possibility of a settlement and that we would need to seek the assistance of the court.

### Summary

14. I am advised that to establish trademark infringement, it is necessary to establish: (1) that the trademark has become well-known or has been registered with the United States patent and trademark office, and (2) that there is a likelihood of confusion between the trademark and the defendant's name, or as to an association between Aedes De Venustas and Venustas International, LLC. While I do not claim to understand the legalities involved in such determinations, I can recount certain facts that I believe may be of assistance to the Court.

15. Evidence of the reputation and renown of the Aedes De Venustas trademark is demonstrated by the press clippings attached hereto as Exhibit B and referred to in paragraph 5 above. Furthermore, evidence that the trademark Aedes De Venustas has been registered with the United States Patent and Trademark Office is provided in paragraph 4 above and Exhibit A attached hereto.

16. I am advised that the factors typically considered by the Court in determining whether there is a likelihood of confusion with regard to the Aedes De Venustas trademark and the Defendant's name Venustas International, LLC are: (1) the strength of the Aedes De Venustas mark; (2) the degree of similarity between the names; (3) the proximity of the parties' products; (4) the likelihood of Aedes De Venustas, Inc. entering the Defendant's market; (5) actual confusion between the marks; (6) whether the defendant has adopted its name in good faith; (7) the quality of Defendant's products or services; and (8) the sophistication of the parties' consumers. I can offer the following factual evidence to assist the Court in weighing these factors:

(A) As indicated already, Aedes De Venustas is an internationally known name in the beauty field and was a pioneer in the specialty fragrance retail business.

(B) The names are very similar and both use the word "Venustas," which is the Latin word for "beauty." This word is highly unusual and is not used in everyday language in any country in the world.

(C) Both Aedes De Venustas and Venustas International, LLC do business in the beauty field specializing in fragrance, bath and body products. In fact, it is my understanding that Venustas International, LLC is marketing its services as an expert in specialty retailing of fragrance, bath and body products, a field in which Aedes De Venustas was a pioneer.

(D) Aedes De Venustas plans to capitalize on its experience as a specialty retailer in the fragrance, bath and body product field and begin offering consulting services to other companies.

(E) There have been several instances of actual confusion, see paragraphs 10 - 11 above, and in light of the fact that Defendant is a relatively young company, there may be further confusion as the Defendant

5

advertises its services more actively.

(F) While the people involved in the beauty industry are generally a sophisticated group, given the widespread esteem in which Aedes De Venustas is held in that industry and the manner in which Venustas International, LLC is marketing itself, it is very difficult to say how "sophisticated" one must be to distinguish between the two companies and not be confused as to whether a relationship exists between the two. I believe it is quite likely that should the Defendant be able to continue to use the name Venustas International, LLC that name alone will open doors and grant it entrée to companies that it otherwise would not have had access to.

17. I strongly believe that the factors that I have discussed above indicate that there is a likelihood of confusion between the companies which thus results in trademark infringement.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 29, 2007.

_____
Robert Gerstner, Vice-President
Aedes De Venustas, Inc.