Robert G. Shepherd, Esq. (RS5946)
MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Tel: (6099 924-8555

Of Counsel:
Philip Colicchio, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540
Tel: 609 987-0022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEDES DE VENUSTAS, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 1:07-04530 (LTS) |
| VENUSTAS INTERNATIONAL, LLC, | : |
| Defendant. | : |

**DECLARATION OF SAM GHUSSON**

Sam Ghusson hereby declares as follows:

1. I am President and Chief Executive Officer of Venustas International, LLC. Venustas International, LLC is a Creative Development Company of products falling in the "beauty" category. The products in the beauty category include personal fragrances, beauty aids such as lotions, creams and exfoliators, home fragrance products, and edible products such as mints.

2. The prospective purchasers of our services are branded vertical specialty retailers who have an existing revenue base of at least one billion dollars and are interested in either entering the beauty category within their existing stores, or wish to re-do their existing beauty program. Examples of prospective purchasers of our services are fashion chain retailers like The Limited, Victoria's Secret, The Gap, Banana Republic, and Coach. As the Court is aware, we have a contractual relationship with Ann Taylor.

3. Our relationship with these entities begins with a contract negotiation with the decision makers at the corporation.

4. For example, our relationship with Ann Taylor began with a meeting between me and my partner, Robin Burns-McNeill and the Chairman of Ann Taylor, and her staff.

5. What we do for our clients is to create a turnkey business in the beauty category which we will operate for the client for a period of time and, if they then so desire, turn it over to them for in house operation.

6. In creating this turnkey business, Venustas International, LLC will work with its customers to develop concepts, create assortment plans, design packaging, develop product, procure raw materials, execute safety and stability testing, ensure products comply with all FDA regulations, and manage all manufacturing of finished goods.

7. When the goods are delivered they have been marked with the client's trademark. The name of our company, Venustas International, LLC, will appear nowhere on the product or packaging. As is the case for most contract manufacturers, we are an anonymous source of the goods insofar as the customers of our clients are concerned.

8. While Venustas International is a relatively new company, both my partner, Robin Burns-McNeill, and I have a great deal of experience in the beauty industry.

9. I have over 30 years of experience in the beauty industry. I have worked for Estee Lauder as a production supervisor and product engineer, and have worked with Calvin Klein Cosmetics Company, Elizabeth Arden, Gryphon, and Intimate Beauty Corporation/Victoria's Secret Beauty as a Vice President of Operations.

10. My partner, Robin Burns-McNeill, has over 25 years of experience in the beauty industry. She has worked for Bloomingdale's as a Divisional Merchandise Manager, Calvin Klein Cosmetics Company as President and CEO; Estee Lauder Company, Inc. as the President and CEO of North America, and Intimate Beauty Corporation/Victoria's Secret Beauty as the President and CEO.

11. I have worked with Robin at both Calvin Klein and Victoria's Secret Beauty. Robin Burns-McNeill is a creative genius in the beauty industry. She is responsible for the successful launch of many fragrances and related personal products for such well-known fragrances such as Obsession, Eternity, Pleasure and Dream Angels.

12. In the Declaration of Robert Gerstner submitted in support of the plaintiff's application for a temporary restraining order and preliminary injunction, he points out that the plaintiff, Aedes De Venustas, was *nominated* for a FIFI award for a candle that the company had designed.

13. Robin Burns-McNeill has *won* more than 10 FIFI's during her career in the beauty industry.

14. In our business, it is Robin's credentials that get us access to the decisions makers at the corporations that are our target clients. Venustas International, LLC does not do any advertising and our working relationships with our clients are initiated through personal introductions based upon our personal reputations.

15. This is made absolutely clear by the <u>Women's Wear Daily</u> article which ignited this controversy. The article's headline, "New In Beauty: Ann Taylor Taps Robin Burns to Develop Collection," showed what the article was all about: Robin Burns and not Venustas International, LLC.

16. The name Venustas International, LLC was chosen by me and my partner in a very deliberate way.

17. My partner and I were sending emails back and forth with lists of names that we liked.

18. My thought was to have a name that was a foreign word that, when translated into English, meant "beauty." To that end, I asked my secretary at the time to develop a list of terms that meant "beauty" in other languages. I settled upon the name "Venustas" which means "beauty" in Latin and proposed it to my partner.

19. Once I explained to her what the term meant, we agreed to use the name "Venustas International, LLC" if it was available.

20. I then contacted our attorneys who called back and told me that the name was clear. We then started the company as a limited liability corporation, Venustas International, LLC.

21. At the time we started the company, we were unaware of plaintiff's company, Aedes De Venustas.

22. From what I have learned about the plaintiffs, I would agree that they are in the beauty business, but I do not agree that there is any possibility that our customers or their customers will conclude that there is a business relationship between our companies based upon a comparison of their trademark and our trade name and our distinct areas of business.

23. I have come to this conclusion for the reasons set forth below.

24. First, the marks are very different. The only thing they share is the word "VENUSTAS," which means "beauty" in Latin. Since both companies are in the beauty business, it seems unfair that they would be on the only one allowed to use this term in their name for example Beauty Avenue is a company owned by the Limited Inc. and Beauty Bank is a company owned by Estee Lauder.

25. Their mark begins with an entirely different word, "AEDES." Their mark and our trade name are easily distinguished because of their use of this word.

26. In their business, the "AEDES" part of their mark is the focus of some of their marketing efforts. For example, the black box in which they package all customer purchases just says "AEDES" above their logo. They also have a magazine and a newsletter featured on the website which are both entitled "AEDES" on the website.

27. Finally, their 800 telephone number also includes the word "AEDES."

28. Our name uses the word "International" as a second word which also distinguishes their mark from our trade name.

29. Our businesses are very much different. They are primarily in the retail trade selling the goods of others, as well as goods marked with their "AEDES DE VENUSTAS" trademark from a store and over the internet. We are a creative development company and manufacturer to a distinct and limited business group.

30. As noted above, none of the products we will manufacture for others will display our name. The only name that will appear on goods manufactured by us is the name of our clients. We also sell our services to a very small segment of the beauty industry, executives of

specialty retailers, primarily in the fashion industry, who have a billion dollars or more in revenue per year.

31.  We make contact with these people through personal introductions driven principally by Robin Burns-McNeill's reputation. We do no advertising and our website, once it is launched, will likely contain nothing other than the information that appears on the website prototype attached to this Declaration as Exhibit A.

32.  Because we have a very limited group of prospective purchasers and because we do no advertising, I think it is unlikely that plaintiff's customers will ever learn anything about us.

33.  I also think it is unlikely that the plaintiffs will ever enter into our business because our business requires people with a track record in a different segment of the industry, and because it requires a great deal more staffing and capital investment than the plaintiff has.

34.  Plaintiff has tried to make a point about the people who called them looking for us, suggesting that they were confused purchasers. I think the reason this happened was because Robin has a lot of friends in the industry who wanted to wish her well and the appearance of the article gave them the name of her company, Venustas International, LLC, but not any contact information.

35.  Unfortunately, at this time, Venustas International, LLC is neither listed in New York directory assistance nor is its website up and running.

36.  When I called directory assistance for Manhattan and asked for Venustas International, I was transferred to a live person. I told her the name and spelled "Venustas." She looked and said "we have no Venustas International, but I do have an "Aedes De Venustas. Do

you want that number?" It seems to me that if this was the only choice offered, a number of well wishers would have taken it and tried it.

37. While the plaintiff has asserted that we chose the name Venustas International, LLC to trade on their good will, we chose the trade name Venustas International, LLC and adopted it only after we were told by our attorneys that it was clear. At the time we adopted the name Venustas International, LLC, we were unaware of the existence of Aedes De Venustas. More importantly, we did not enter their general retail consumer field so there was no trading on their good will.

38. I have read that the plaintiffs are concerned that we will produce an inferior product under the name Venustas International, LLC, and it will injure their reputation. To this I say that the product that we sell to our clients will not have the trade name Venustas International, LLC on it, and that both Robin and I have been in the beauty industry for more than 50 years combined producing superior products which have won many awards, including more than 10 FIFI awards and generated billions of dollars in sales. It would be odd, therefore, to start producing inferior products that would damage our reputation.

39. Finally, based upon my knowledge of the plaintiff's business and the types of products that they sell, as well as an understanding of my business and the specific services that we offer to billion dollar specialty retailers, I believe the customers of the plaintiff are unlikely to be confused by the use of the trade name Venustas International, LLC in connection with our contract manufacturing business because they would not encounter our company in the retail setting which plaintiff conducts their business. Moreover, even if our clients encountered Aedes De Venustas, being sophisticated business people, they would not believe any relationship exists because of plaintiff's retail applications.

I declare under penalty of perjury that the foregoing is true and correct.

Executed On: 6/15/07 (date)    _____
                                                  Sam Ghusson