Robert G. Shepherd, Esq. (RGS-5946)
MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Tel: (609) 924-8555

Of Counsel:
Philip Colicchio, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540
Tel: 609 987-0022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AEDES DE VENUSTAS, INC., | : | Civil Action No.: 1:07-04530 (LTS) |
| Plaintiff, | : | |
| v. | | |
| VENUSTAS INTERNATIONAL, LLC, | : | **Motion Returnable: June 26, 2007** |
| Defendant. | : | Honorable Laura Taylor Swain<br>Magistrate Judge Theodore Katz |
| | | Documents Electronically Filed |

**MEMORANDUM IN SUPPORT OF NOTICE OF MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO THE DECLARATIONS OF GERSTNER AND HEPPT**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| A. Exhibits B and D to the Gerstner Declaration Should be Stricken Because They Are Hearsay And No Exceptions Apply | 2 |
|     1. Exhibit B is Hearsay | 2 |
|     2. Exhibit D is Hearsay | 3 |
| B. Plaintiff's Are Improperly Using the Deposition Testimony of Mr. Gerstner By Offering It As Part of Their Own Case and It Should Be Stricken | 4 |
| CONCLUSION | 5 |

## **TABLE OF AUTHORITIES**

|  | Page |
|---|---|
| F.R.E Rule 602 | 4 |
| F.R.E. Rule 801 | 1 |
| F.R.E. 801(c) | 2 |
| F.R.E. Rule 801(d)(1) | 2,3 |
| F.R.E. Rule 801(d)(2) | 2,3 |
| F.R.E Rule 802 | 1,2,3 |
| F.R.C.P. Rule 32 | 1,4 |

ii

## INTRODUCTION

In its Reply Papers in support of Plaintiff's Motion for Preliminary Injunction, the Plaintiff submitted new evidence that is either inadmissible under the Federal Rules of Evidence ("F.R.E") or unusable under the Federal Rules of Civil Procedure ("F.R.C.P."). In the first instance, the Plaintiff offered evidence that is hearsay and not admissible under F.R.E Rule 802. Specifically, the Plaintiff submitted numerous statements (in the form of third party correspondence) attached to the Declaration of Robert Gerstner Submitted in Further Support of Plaintiff Aedes De Venustas, Inc.'s Motion for Preliminary Injunction ("Gerstner Decl."). The letters and corresponding assertions in Gerstner Decl. are hearsay under F.R.E. Rule 801; no exceptions to the hearsay rule apply to these hearsay statements. Accordingly, the statements should be struck

In the second instance, the Plaintiff uses deposition testimony of its own witness in direct violation of F.R.C.P. Rule 32. Specifically, the Plaintiff used the deposition testimony of Robert Gerstner. Mr. Gerstner is one of two officers of the Plaintiff Aedes De Venustas, Inc. and the testimony is improperly being offered in support of the Plaintiffs own case. Accordingly, the deposition testimony is not admissible and should be excluded. Should Plaintiff wish to offer this testimony it should be done as part of his rebuttal testimony.

## **ARGUMENT**

This Court should strike Exhibits B and D and portions of paragraphs 2 and 10 of the Gerstner Decl. and exclude the deposition testimony of Mr. Gerstner submitted in support of Plaintiff's Reply Papers for the following reasons: (1) The Exhibits and relevant portions of the Gerstner Decl. are inadmissible hearsay under by Rule 802 of the Federal Rules of Evidence; and

1

(2) Plaintiffs are improperly using the deposition testimony of Mr. Gerstner is support of its case in violation of Rule 32 of the Federal Rules of Civil Procedure.

### A. Exhibits B and D to the Gerstner Declaration Should be Stricken Because They Are Hearsay And No Exceptions Apply

Under the Federal Rules of Evidence, a statement that is hearsay "is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." See F.R.E. 802. ""Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." See F.R.E. 801(c). Exhibits B and D are hearsay.

#### 1. Exhibit B is Hearsay

That Exhibit B to the Gerstner Decl. is hearsay cannot be denied. Exhibit B is cited in paragraph 2 of the Gerstner Decl. It consists of a series of statements, declared by Mr. Gerstner to be copies of letters written by people other than Mr. Gerstner. Therefore, Exhibit B contains statements "other than one made by the declarant (Mr. Gerstner) while testifying at the trial or hearing."

These statements were offered by Mr. Gerstner to prove the truth of the last two sentences of paragraph 2. In paragraph 2 of the Gerstner Decl., Mr. Gerstner asserts that an individual named Karl Bradl has considerable talent. See Gerstner Dec. at ¶ 2. The Gerstner Decl. attaches as Exhibit B, third party letters allegedly "attesting to the talent of Mr. Bradl. . ." Therefore, Exhibit B is "offered in evidence to prove of the matter asserted," namely Mr. Gerstner's assertion contained in paragraph 2. Accordingly the letters are hearsay.

Further, as the statements are made by third parties, they are neither a prior statement by the witness or a an admission by a party-opponent under F.R.E. Rule 801(d)(1) or (2). Finally,

2

none of the hearsay exceptions to the hearsay rule apply. As a result, Exhibit B of the Gerstner Decl. is not admissible under F.R.E Rule 802 and should be stricken.

Additionally, the corresponding statements in Gerstner Decl. describing the hearsay statements should also be stricken. Specifically, Mr. Gerstner reference to the content of letters in paragraph 2 of the Gerstner Decl. similarly is hearsay and should also be stricken.

### 2.     **Exhibit D is Hearsay**

A second set of third party letters is also attached as Exhibit D to the Gerstner Decl. Again, Exhibit D consists of a number of statements made by someone other than Mr. Gerstner, in the form of a series of letters written by others. Therefore, Exhibit B contains statements "other than one made by the declarant (Mr. Gerstner) while testifying at the trial or hearing".

Similarly, the statements made in these letters are again offered to prove the truth of the last two sentences of paragraph 10 of the Gerstner Decl. Specifically, paragraph 10 states, "Letters evidencing that aspect of Plaintiff's business are attached as Exhibit D." See Gerstner Decl. at ¶ 10. In particular, the phrase "letters evidencing" leaves no doubt that the letters are being "offered in evidence to prove of the matter asserted," namely to prove the assertion in paragraph 10 of the Gerstner Decl. Therefore, Exhibit D is not admissible under F.R.E Rule 802 and should be stricken.

Further, as the statements are made by third parties, they are neither a prior statement by the witness or a an admission by a party-opponent under F.R.E. Rule 801(d)(1) or (2). Finally, none of the hearsay exceptions to the hearsay rule apply. As a result, Exhibit D of the Gerstner Decl. is not admissible under F.R.E Rule 802 and should be stricken.

As with Exhibit B, the corresponding portions of paragraph 10 of the Gerstner Decl. that rely on, or draw conclusions from Exhibit D should also be stricken. Specifically, Mr. Gerstner

3

characterizes the content of the letters, which as stated above are not his statements. Additionally, Mr. Gerstner states, "as explained in detail during discovery . . ." without referencing specific evidence and presumably referring to the statements made in Exhibit D. These statements should be stricken.

### B. Plaintiffs Are Improperly Using The Deposition Testimony Of Mr. Gerstner By Offering It As Part Of Their Own Case And It Should Be Stricken

The Plaintiff, through the Declaration of Joseph Heppt, submits deposition testimony of Robert Gerstner in support of its Reply Papers. See Exh. C of the Declaration of Joseph M. Heppt at ¶ 5. Rule 32 of the F.R.C.P. authorizes the specific circumstances that deposition testimony may be used in court proceedings. See F.R.C.P. Rule 32. Rule 32 provides, "At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition . . . may be used **against** any party . . . in accordance with any of the following provisions:" Id. (emphasis added). The use of Mr. Gertsner's deposition is improper and should be excluded for the following reasons:  1) Mr. Gerstner is a witness for the Plaintiff; 2) the deposition testimony of Mr. Gerstner is being offered in support of the hearing of Plaintiff's motion; and 3) the deposition testimony is not being used accordance with any of the listed provisions.

Specifically, the deposition is not being used for the purpose of contradicting or impeaching the testimony of deponent as a witness as permitted under subsection (1) of Rule 32(a) or by an adverse party as permitted under subsection (2) of the rule. Finally, the Plaintiff has not made application and provided notice that such exceptional circumstances exist as provided in subsection (3) of Rule 32(a) as to permit the use of the

4

testimony. Accordingly, the testimony should be excluded. If this testimony is important to the Plaintiff, it should be presented at the hearing as part of Plaintiff's rebuttal.

## CONCLUSION

Because Exhibit B and D to the Gerstner declaration are inadmissible hearsay, they, and the corresponding portions of the Gerstner Declaration should be stricken. Additionally, Exhibit C to the Heppt Declaration should be excluded as it is an improper use of party deposition testimony.

Dated: June 24, 2007         BY: s/ Robert G. Shepherd
                             Robert G. Shepherd, Esq.
                             MATHEWS, SHEPHERD, McKAY & BRUNEAU
                             29 Thanet Road, Suite 201
                             Princeton, New Jersey 08540-3661
                             Email:shep@mathewslaw.com