UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEDES DE VENUSTAS, INC., | |
| Plaintiff, | 07 Civ. 04530 (LTS)(THK) |
| vs. | |
| VENUSTAS INTERNATIONAL, LLC, | Document Electronically Filed |
| Defendant. | |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE CERTAIN EXHIBITS ATTACHED TO THE
DECLARATIONS OF GERSTNER AND HEPPT**

LAW OFFICES OF JOSEPH M. HEPPT
521 Fifth Avenue, Suite 1805
New York, NY 10175
(212) 973-0839

## Preliminary Statement

The defendant seeks to strike the letters attached as Exhibits B and D to the Declaration of Robert Gerstner submitted in further support of plaintiff's motion for injunctive relief (the "Gerstner Declaration") as well as the corresponding statements made in the Gerstner Declaration as hearsay. The letters at issue were not created for the purpose of this litigation. Rather, they were submitted over a year ago to a United States governmental agency, the Immigration and Naturalization Service, in connection with Mr. Bradl's application for lawful permanent residence, otherwise known as a "green card." Declaration of Robert Gerstner, sworn to on June 29, 2007 and submitted in opposition to defendant's motion to strike at ¶ 6. The letters, therefore, were created under circumstances suggesting that they are inherently trustworthy. Furthermore, these letters are necessary to a proper consideration of plaintiff's case. Plaintiff's case is predicated on Mr. Bradl's rising notoriety in the beauty and fragrance industry as a fragrance expert, which in turn has led to an increased number of referrals and opportunities to perform the same consulting services being marketed by the defendant while using a name confusingly similar to plaintiff's trademark. The letters directly refer to both Mr. Bradl's standing in the beauty and fragrance industry as well as to the consulting work that the plaintiff has performed. Thus, these letters are central to plaintiff's case. Finally, admission of the letters would be far less expensive and time consuming than issuing subpoenas to the various authors and having them appear in court to testify. For all of these reasons, defendant's motion should be denied in its entirety.

## Argument

**I.   Exhibits B and D to the Gerstner Declaration Should Not be Stricken**

The long-standing trend among federal courts construing the federal rules of evidence is to admit all relevant evidence rather than exclude it. The Second Circuit expressly recognized this trend over fifty years ago when it stated:

> It is now commonplace that the rules of evidence have tended ever more freely in the direction of admission of all relevant testimony in the light of modern experience that the truth is more often found by full revelation than by concealment. Hence we have the modern principle, stated in the Model Code of Evidence, and now embodied in Uniform Rules of Evidence, Rule 7: 'General Abolition of Exclusionary Rules. Except as otherwise provided in these Rules, * * * (f) all relevant evidence is admissible.' <u>And we have often admonished our trial judges to err, if at all, on the side of the admission, rather than the exclusion, of evidence</u>.

*U.S. v. Apuzzo*, 245 F.2d 416 (2d Cir. 1957) (emphasis added). *See also*, *U S for Use and Ben of Coffey v. National Const Co,* 155 F. Supp. 368 (N.D.N.Y. 1957) (admitting letters that did not fall within the business records exception).

Historically, the touchstone for admission of evidence as an exception to the hearsay rule has been the existence of circumstances which attest to its trustworthiness. *U. S. v. Williams*, 571 F.2d 344 (6th Cir. 1978), *cert. denied* 99 S.Ct. 131, 439 U.S. 841, 58 L.Ed.2d 139. In order to establish an exception to the hearsay rule, the evidence offered must be necessary to a proper consideration of the case and must exhibit an intrinsic probability of trustworthiness. *Sabatino v. Curtiss Nat. Bank of Miami Springs*, 415 F.2d 632 (5th Cir. 1969), *cert. denied* 90 S.Ct. 750, 396 U.S. 1057, 24 L.Ed.2d 752, certiorari denied 90 S.Ct. 759, 398 U.S. 1057, 24 L.Ed.2d 752. The key requirement for admission of a hearsay statement as an exception to the hearsay rule is trustworthiness. *Pope v. U. S.*, 296 F. Supp. 17 (S.D.Cal.1968).

Here, as noted above, the letters at issue were not created for the purpose of this litigation. Rather, they were submitted over a year ago to the Immigration and Naturalization Service in connection with Mr. Bradl's application for lawful permanent residence, otherwise known as a "green card." Declaration of Robert Gerstner, sworn to on June 29, 2007 and submitted in opposition to defendant's motion to strike at ¶ 6. As such, I submit that the letters are entitled to a presumption of trustworthiness. Furthermore, these letters are necessary to a proper consideration of the case. Plaintiff's case is predicated on Mr. Bradl's rising notoriety in the beauty and fragrance industry, which in turn is leading to

an increased number of referrals and opportunities to perform the same consulting services being marketed by the defendant while using a name confusingly similar to plaintiff's trademark. Thus, these letters, which provide strong evidence of Mr. Bradl's stature in the beauty and fragrance industry, are central to plaintiff's case.

A.      **The letters fall within the "business record" exception to the hearsay rule.**

The business records exception to the hearsay rule is contained in FRE 803(6), which provides:

> **(6) Records of Regularly Conducted Activity.**--A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

The Second Circuit has held that "Rule 803(6) 'favor(s) the admission of evidence rather than its exclusion if it has any probative value at all.'" *Matter of Ollag Const. Equipment Corp.*, 665 F.2d 43 (2d Cir. 1981) (quoting *United States v. Carranco*, 551 F.2d 1197, 1200 (10th Cir. 1977)). Furthermore it has been suggested that "records that are commonly, if not routinely or formally, made in the course of a regularly conducted 'business' are generally admissible if they meet the other requirements of admissibility, unless the sources of information or other circumstances indicate lack of trustworthiness." 5 *Weinstein's Federal Evidence* (2d Ed.) §803.08[2]. In fact, that treatise goes on to explain that "[a]lthough the rule requires that it have been the 'regular practice of that business activity' to make the record in question, the mere fact that the record is not a type that is faithfully or routinely kept does not necessarily require its exclusion under Rule 803(6)." 5 *Weinstein's Federal Evidence,* (2d Ed.) §803.08[2].

The mere fact that the letters at issue were not created by the plaintiff is not dispositive of whether they may be admitted as business records of the plaintiff. Courts have held that records prepared by one entity may be introduced as the business records of another. *See e.g., Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1348 (Fed. Cir. 1999) (company in possession of documents prepared by another company may introduce them as its own business records, even if sponsoring witness from custodian company cannot vouch for circumstances under which documents were prepared). *See also*, *Saks Intern., Inc. v. M/V Export Champion*, 817 F.2d 1011 (2d Cir.1987) (documents may properly be admitted under business records exception to hearsay rule even though they are records of business entity other than one of parties).

Here, the letters at issue were created under circumstances that would suggest that they are highly trustworthy. They were not created in anticipation of litigation and are highly probative of a material issue in this case, i.e. Mr. Bradl's reputation in the beauty and fragrance industry and the consulting work that the plaintiff has been performing as a result. Thus, under both FRE 803(6) as well as the case law favoring admission of relevant evidence rather than its exclusion, the letters should be admitted as business records.

**B.     Alternatively, the letters fall within FRE 803(20), the exception to the hearsay rule for statements regarding reputation in the community.**

Rule 803(20) provides: Reputation concerning boundaries or general history. Reputation in a community, arising before the controversy, as to boundaries of or customs affecting lands in the community, and reputation as to events of general history important to the community or State or nation in which located.

It is generally recognized that reputation is acceptable as proof of historical events of general interest in the community despite the fact that such evidence is hearsay. *Pan American World Airways, Inc. v. Aetna Cas. & Sur. Co.*, 368 F. Supp. 1098, 1104 n.5 (SDNY 1973) (citing 5 Wigmore, Evidence §§ 1597-99 (3d ed. 1940); McCormick,

Evidence, § 324 (2d ed. 1972) and then Prop.Fed.R.Evid. 803(20)). Here, there can be no dispute that the letters concern Mr. Bradl's reputation in the beauty and fragrance community and that the letters concern that reputation that arose before the present controversy. The letters clearly discuss Mr. Bradl's reputation as a fragrance expert as proof events of general historical importance to the beauty and fragrance community in the United States. Thus, the letters should be admissible under FRE 803(20).

**C.     Alternatively, the letters fall within FRE 807, the "residual" exception.**

The residual exception to the hearsay rule is contained in FRE 807, which provides:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence. However, a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

To be admissible pursuant to the residual exception to the hearsay rule, evidence must fulfill five requirements: trustworthiness, materiality, probative importance, interests of justice, and notice. *Parsons v. Honeywell, Inc*., 929 F.2d 901 (2d Cir. 1991). Furthermore, in determining the trustworthiness of hearsay offered under the residual exception, courts consider such factors as: (1) the character of the statement; (2) whether it is written or oral; (3) the relationship of the parties; (4) the probable motivation of the declarant in making the statement; and (5) the circumstances under which it was made. 5 Weinstein's Federal Evidence, (2d Ed.) §807.03[2][b].

One court that applied these factors held that an un-sworn statement made by a witness to the FBI during its investigation was made with the motive to testify truthfully,

and the details provided in such statement vouched for its reliability for purpose of admission of such statement under residual exception to hearsay rule in subsequent criminal proceeding. *U. S. v. Thevis*, 84 F.R.D. 57 (N.D.Ga.1979), *aff'd* 665 F.2d 616, *rehearing denied* 671 F.2d 1379, *cert. denied* 102 S.Ct. 2300, 456 U.S. 1008, 73 L.Ed.2d 1303, *cert. denied* 102 S.Ct. 3489, 458 U.S. 1109, 73 L.Ed.2d 1370, *cert. denied* 103 S.Ct. 57, 459 U.S. 825, 74 L.Ed.2d 61.  In another case, *U. S. v. American Cyanamid Co.*, 427 F. Supp. 859 (S.D.N.Y. 1977), the court held that letters written to the Department of Justice in response to an inquiry as to the industry use of term "production capacity" and which tended to prove or disprove the factual proposition that defendant willfully violated the terms of a consent decree, were admissible under the residual exception..

     Applying these factors to the present case, leads to the inescapable conclusion tht this Court should admit the letters at issue under the residual exception. Like the letters in the *American Cyanamid* case and the statement made to the FBI in the *Thevis* case, the letters at issue here are highly trustworthy as they were written to a governmental agency, the INS, and contained sufficient detail as to vouch for their reliability.  Furthermore, as noted above, they are material to plaintiff's case as they are probative as to Mr. Bradl's reputation in the beauty and fragrance community as well as to the consulting work that the plaintiff has been receiving as a result of that reputation.  The defendant clearly had notice of plaintiff's intention to use the letters, which contained the names and addresses of the declarants, so that the notice requirement was satisfied. Finally, the interest of justice would be served by admitting these letters; admission of the letters would be far less expensive and time consuming than issuing subpoenas to the various authors of the letters and having them come to court and testify in person. Therefore, the letters should be admissible under the residual exception to the hearsay rule.

II.  **The Defendant has Acknowledged that the Use of Mr. Gerstner's Deposition Testimony Was Proper Under the Circumstance of this Proceeding**

During a conference call with the Court on June 25, 2007, defendant's counsel, Robert Shepherd, acknowledged that the objection to the use of Mr. Gerstner's deposition was at most a technical objection and that under the circumstances of this case, where the hearing was to be conducted based upon affidavits as opposed to live testimony, the use of the deposition transcript was permissible.  It is my understanding, that Mr. Shepherd withdrew that portion of his motion to strike during that conference call.  If my understanding is incorrect, I submit that for the foregoing reasons that portion of defendant's motion should be denied.

## Conclusion

As the foregoing demonstrates, defendant's motion to strike should be denied in its entirety and this Court should grant such other relief as it deems proper.

Dated:    New York, New York
          June 29, 2007

Respectfully submitted,

_____/s_____
Joseph M. Heppt, Esq. (JH-4974)
521 Fifth Avenue, Suite 1805
New York, NY 10175
(212) 973-0839

*Attorney for Plaintiff*