ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUL 1 0 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AEDES DE VENUSTAS,

           Plaintiff,

-against-                          No. 07 Civ. 4530 (LTS) (THK)

VENUSTAS INTERNATIONAL, INC.,

           Defendant.

### MEMORANDUM OPINION AND ORDER

In anticipation of the trial of Plaintiff's claim for injunctive relief on its trademark infringement cause of action, Defendant Venustas International, Inc. ("Defendant" or "Venustas") moves, in limine, for an order striking Exhibits B and D of the Declaration of Robert Gerstner, as well as corresponding statements made in the Gerstner Declaration, as inadmissible hearsay.[1] The Exhibits contain letters submitted to the Immigration and Naturalization Service in connection with the application of Mr. Karl Bradl, the President of Plaintiff Aedes de Venustas ("Plaintiff" or "Aedes"), for lawful permanent residence in the United States (a "green card" application). Exhibit D also contains a letter written to Plaintiff's Vice-President, Mr. Robert Gerstner, by a Kerrilyn Pamer of Castor & Pollux about a project Plaintiff was to undertake for Castor & Pollux.[2] For the following reasons, Defendant's motion is granted.

---

[1]    Defendant also initially moved to strike the deposition testimony of Mr. Gerstner, attached as Exhibit C to the Declaration of Joseph Heppt; that issue was resolved during the telephonic conference with the undersigned held on June 25, 2007.

[2]    The Plaintiff does not address in its opposition papers the Castor & Pollux letter included in Exhibit D, but rather focuses on those letters submitted in connection

Under the Federal Rules of Evidence, "'hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A statement that is hearsay "is not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." The Plaintiff does not dispute that the content of the letters in the challenged Exhibits constitutes out of court statements that are being offered for the truth of the matters asserted, but rather argues that (1) the letters were created under circumstances suggesting that they are inherently trustworthy, (2) that they are necessary to a proper consideration of the Plaintiff's case, (3) that they fall within the "business record" exception to the hearsay rule, (4) that they fall within the hearsay exception of Fed. R. Evid. 803(20), and (5) that they fall within Federal Rule of Evidence 807's "residual" exception.

Plaintiff has provided no case law supporting its argument that the circumstances under which most of the letters were created, namely in connection with an application for a green card, suggest that they are inherently trustworthy. As the Defendant argues, the letters may have been written to present Mr. Bradl in a particularly positive light in order to enable Mr. Bradl to secure his residency status, and could even have been prepared by someone other than the signatory. There is nothing about the letters that suggests they were created under circumstances suggesting that they are inherently trustworthy.

Plaintiff's argument that the letters are necessary to a proper consideration of the

---

with Mr. Bradl's immigration application. The Court finds that the Castor & Pollux letter is inadmissable hearsay, and it shall accordingly be stricken.

Plaintiff's case also fails. Indeed, the letters speak (as Plaintiff acknowledges) to a material issue in this case, namely Mr. Bradl's reputation in the beauty and fragrance industry and the consulting work that the Plaintiff has allegedly been performing as a result. Proper consideration of this issue would require an opportunity for the Defendant to challenge the accuracy and credibility of Plaintiff's evidence.

Federal Rule of Evidence 803(6) provides, in relevant part, that the following is excepted from the general hearsay rule:

> A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

Fed. R. Evid. 803(6).

Plaintiff argues that the letters prepared for Mr. Bradl's greencard application fall under this so-called "business record" exception to the hearsay rule. However, the Plaintiff has failed to show that the letters were both made and kept in the course of a regularly conducted business activity. See generally Romano v. Howarth, 998 F.2d 101 (2d Cir. 1993). As the Second Circuit has noted, "[w]e are reluctant to adopt a rule that would permit the introduction into evidence [as a business record exception to the hearsay rule] of memoranda drafted in response to unusual or 'isolated' events, . . . particularly where the entrant may have a motive to be less than accurate." U.S. v. Strother, 49 F.3d 869, 876 (2d Cir. 1995). Further, the same

issues of trustworthiness discussed above raise questions about whether the "method or circumstances of preparation indicated lack of trustworthiness." Accordingly, the Court finds that these letters do not fall into the business record exception to the hearsay rule.

Nor do these letters fall within the hearsay exception of Fed. R. Evid. 803(20), which provides an exception for evidence regarding "[r]eputation in a community, arising before the controversy, as to boundaries of or customs affecting lands in the community, and reputation as to events of general history important to the community or State or nation in which located." Clearly, by the plain text of the Rule, these letters do not fall within this narrow exception.

Finally, these letters do not fall within Federal Rule of Evidence 807's "residual" exception, which provides, in relevant part:

> A statement not specifically covered by Rule 803 or 804 but having equivalent circumstantial guarantees of trustworthiness, is not excluded by the hearsay rule, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Fed. R. Evid. 807.

A statement will be admitted under this rule if "(i) it is particularly trustworthy; (ii) it bears on a material fact; (iii) it is the most probative evidence addressing that fact; (iv) its admission is consistent with the rules of evidence and advances the interests of justice; and (v) its proffer follows adequate notice to the adverse party." United States v. Bryce, 208 F.3d 346, 350-51 (2d Cir.1999). Again, this Court finds that the letters at issue are not "particularly trustworthy" and do not, as demonstrated above, have "equivalent circumstantial guarantees of

trustworthiness" as evidence covered by Rules 803 and 804. Further, although subpoenaing the letter's authors may prove inconvenient for the Plaintiff, it would not be an "unreasonable" effort, and thus the letters are not "more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts." Accordingly, the Court finds that the requirements of the Rule 807 residual exception are not met.

For the foregoing reasons, Defendant's motion to strike Exhibits B and D of the Declaration of Robert Gerstner, as well as corresponding statements made in the Gerstner Declaration (the relevant portions of paragraphs 2 and 10), as inadmissable hearsay is granted.

SO ORDERED.

Dated:   New York, New York
         July 9, 2007

_____
LAURA TAYLOR SWAIN
United States District Judge