# MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.

ATTORNEYS AT LAW
29 THANET ROAD, SUITE 201
PRINCETON, NEW JERSEY 08540
(609) 924-8555
FACSIMILE: (609) 924-3036
WEB SITE: www.mathewslaw.com
E-MAIL: attorneys@mathewslaw.com

ROBERT G. SHEPHERD
DIANE DUNN McKAY
BROOKS R. BRUNEAU
TODD A. DENYS
KRISTINE L. BUTLER
CHRISTOPHER CASIERI
MOIRA J. SELINKA
CYNTHIA SOUMOFF, PH.D.

H. HUME MATHEWS (1911-1980)

PATENTS
TRADEMARKS
COPYRIGHTS
UNFAIR COMPETITION
LICENSING
AND HIGH TECHNOLOGY MATTERS
RELATED LITIGATION



November 9, 2007

**MEMO ENDORSED**
IT IS ORDERED that counsel to whom this Memo Endorsement is sent is responsible for faxing or otherwise delivering promptly a copy to all counsel and unrepresented parties and filing a certificate of such service within 5 days from the date hereof. Do not fax such certification to Chambers.

<u>Via Facsimile: 212-805-0426</u>
Hon. Laura T. Swain
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 755
New York, New York 10007

RE:   *Aedes De Venustas, Inc. v. Venustas International, LLC*
      S.D.N.Y. Case No. 07 4530 (LTS)(THK)
      Our File Number: 5423-104

Your Honor:

We write you today at the direction of Magistrate Judge Katz to request permission to file a motion for partial summary judgment that the Plaintiff, as a matter of law, is not entitled to an award of defendant's profits in this case. Defendant believes that the motion, if granted, will end the case for the reasons expressed below and will save both the Court and the litigants significant time and expense in conducting additional discovery that will require the disclosure of extremely sensitive confidential information followed by a second trial.

In accordance with your Order of September 14, 2007, we had a scheduling conference with Magistrate Judge Katz on October 12, 2007 at which time we requested that the defendant be permitted to file a motion for partial summary judgment that the plaintiff, as a matter of law, is not entitled to an award of defendant's profits in this case because of Your Honor's finding that the defendant had adopted the mark "Venustas International" in good faith and that under all of the claims made by the plaintiff, including the law of the Second Circuit regarding Lanham Act claims, the law requires a finding of "willful deceptiveness" before a Court could consider an award of defendant's profits as a remedy for infringement.

Copies ~~mailed~~ Faxed to Defts Counsel 11-13-07
Chambers of Judge Swain

MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.

Hon. Laura T. Swain
November 9, 2007
Page 2

    Plaintiff's counsel asked for some time to consider this because, as he stated to Magistrate Judge Katz, his client had no actual damages to claim and the only remedy the plaintiff is seeking is an award of defendant's profits. At a telephone conference held this past Friday with Magistrate Judge Katz, plaintiff's counsel reiterated his belief that his client is entitled to an award of defendant's profits, asserting that a change in the Lanham Act overruled the law as set forth in The George Bash Co. Inc. v. Blue Coral Inc., 968 F.2d 1532, 61 USLW 2060, 23 U.S.P.Q.2d 1351 (2d Cir. 1992) making an award defendant's profits available to the plaintiff even where the defendant was found to have adopted the mark in good faith.

    We have now reviewed the law and believe the change to the Lanham Act to which he was referring is the addition of language relating to dilution claims to 15 USC 1117. Reported cases from both the Third Circuit and the Fifth Circuit have held that willfulness is now only a factor in deciding whether defendant's profits are available to the plaintiff, but the only reported case we have found from within the Second Circuit, a Southern District of New York case authored by Judge Scheindlin, holds that "Blue Coral's Willfulness Requirement Remains Good Law" in the Second Circuit. Malletier v. Dooney & Bourke, Inc., 500 F. Supp.2d 276, 280 (SDNY 2007).

    Even if the Court were inclined to follow the reasoning of the Third and Fifth Circuits and conclude that good faith adoption of a mark is only a factor to be considered in deciding whether plaintiff is entitled to an award of defendant's profits, we believe that the analysis of the established facts in this case would compel the same conclusion: that as a matter of law, plaintiff is not entitled to an award of defendant's profits in this case. Accordingly, we respectfully request permission to file the above described motion for partial summary judgment before Your Honor.

Respectfully submitted:

MATHEWS, SHEPHERD, McKAY & BRUNEAU

Robert G. Shepherd

RGS:dm
Cc: Hon. Theodore Katz (via facsimile)
     Joseph Heppt, Esq. (via facsimile)

*[Handwritten]: Permission is granted, subject to the parties' compliance with Individual Practices Rule 2B of the undersigned.*

SO ORDERED.

*[Signature] 11/13/2007*
LAURA TAYLOR SWAIN
UNITED STATES DISTRICT JUDGE