Robert G. Shepherd, Esq. (RGS-5946)
MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Tel: (609) 924-8555

Of Counsel:
Philip Colicchio, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540
Tel: 609 987-0022
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AEDES DE VENUSTAS, INC., | : | Civil Action No.: 1:07-04530 (LTS) |
| Plaintiff, | : | **L.CIV.R. 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS** |
| v. | : | |
| VENUSTAS INTERNATIONAL, LLC, | : | |
| Defendant. | : | Motion Returnable: Honorable Laura Taylor Swain  Magistrate Judge Theodore Katz |
| | | Documents Electronically Filed |

Pursuant to Local Civil Rule 56.1, Defendant Venustas International, LLC (hereinafter "Venustas"), submits this Statement of Undisputed Material Facts in support of its Motion for Partial Summary Judgment.

Defendant submits there is no genuine issue as to the following material facts set forth below.

1. Defendant chose the name Venustas International as a company name and not as a trademark to be used on goods. [January 17, 2008 Declaration of Sam Ghusson ("Ghusson Dec.") ¶* 2].

2. Defendant is in the business of creating, developing and then manufacturing product lines in the beauty category on a contract basis for vertical specialty retailers with sales of more than one billion dollars per year. [De Venustas v. Venustas, 2007 WL 2597122 (SDNY 2007) at *2].

3. At the present time the plaintiff does not serve this customer base but intends to do so in the future. [July 13, 2007 Trial Testimony before Judge Swain ("TT") 21:20-24, 70:17-25.][a copy of the cited Trial Testimony is included in the attached Appendix to L.Civ.R. 56.1 Statement of Undisputed Material Facts].

4. At the present time the Plaintiff provides some consulting services. But they are not in the same business as the Defendant. Defendant offers the same services but on a much larger scale. Plaintiff intends to expand its consulting business and hire additional employees in about four or five years. [De Venustas at *5; TT21:3-24, 70:17-25].

5. At the time the article that caused the instances of actual confusion appeared in Women's Wear Daily the defendant had two customers, one of which was approached through a personal relationship with Robin Burns, the other of which engaged through a personal introduction. [TT74:6-25 - 75:1-5].

6. Defendant's relationships with its two customers are based on lengthy contracts which were negotiated by management of the customer and defendant. [TT76:4-9].

7. Defendant still has only the two same clients. [Ghusson Dec. ¶4].

8.  Defendant had no product in retail stores when the March 16, 2007 Women's World Daily article appeared that caused the instances of confusion. [De Venustas at *2, TT73:17-22].

9.  The company name Venustas International would not appear anywhere on the goods. [TT:94:14-19, Ghusson Dec. ¶ 3].

10. The article "New In Beauty: Ann Taylor Tops Robin Burns to Develop Collection" that appeared in Women's World Daily was based on a press release issued by defendant's customer, Ann Taylor. [Ghusson Dec. ¶ 5].

11. Defendant adopted the trade name Venustas International in good faith. [De Venustas v. Venustas, 2007 WL 2597122 (SDNY 2007) at *6-*7].

12. Venustas International changed its name to Batallure Beauty LLC and presently does business under that name only. [Ghusson Dec. ¶ 6].

13. The people who were confused were people fashion and beauty field insiders, not purchasers of plaintiff's goods. [De Venustas v. Venustas, 2007 WL 2597122 (SDNY 2007) at *6].

14. At the time the article that caused the instances of confusion was published, the defendant's phone number in New York City was not listed in directory assistance and it had no web site. [TT75:18-22].

15. After the claim of infringement was brought to the defendant's attention, defendant listed its number with Directory Assistance. [TT75:18-22].

16. The people who were confused by the article appearing in Women's Wear Daily were people in the fashion and beauty field who were calling the plaintiff either to congratulate the defendant on receiving the new contract with Ann Taylor or to wish the defendant's

principals congratulations.  [Docket Entry No. 10-5, "Declaration of Robert Gerstner in Support of Plaintiff Aedes De Venustas, Inc.'s Motion for Preliminary Injunction" at ¶10.]

Dated: January 25, 2008          BY: s/ Robert G. Shepherd
                                                    Robert G. Shepherd, Esq.
                                                    MATHEWS, SHEPHERD, McKAY & BRUNEAU
                                                    29 Thanet Road, Suite 201
                                                    Princeton, New Jersey 08540-3661
                                                    Phone:  (609) 924-8555
                                                    Facsimile:  (609) 924-3036
                                                    Email:shep@mathewslaw.com