Robert G. Shepherd, Esq. (RGS-5946)
MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Tel: (609) 924-8555

Of Counsel:
Philip Colicchio, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540
Tel: 609 987-0022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AEDES DE VENUSTAS, INC., | : | Civil Action No.: 1:07-04530 (LTS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VENUSTAS INTERNATIONAL, LLC, | : | |
| | : | **Motion Returnable:** |
| Defendant. | : | Honorable Laura Taylor Swain |
| | : | Magistrate Judge Theodore Katz |

Documents Electronically Filed

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO
BAR PLAINTIFF FROM DEPOSING OR DEMANDING DOCUMENTS
OF NON-PARTY ALLEN SILK, ESQ.**

## **TABLE OF CONTENTS**

| | Page |
|---|---|
| TABLE OF AUTHORITIES………………………………………… | ii |
| INTRODUCTION………………………………………………… | 1 |
| STATEMENT OF FACTS………………………………………….. | 1 |
| LEGAL ARGUMENT……………………………………………… | 3 |
| 1.  Defendant Batallure Beauty LLC Has Standing to Attack the Subpoena……………………………………………………….. | 3 |
| 2.  Testimony Sought by the Plaintiff is Irrelevant to the Litigation at This Point in the Case………………………………………... | 4 |
| CONCLUSION……………………………………………………… | 8 |

i

## TABLE OF CASES AND AUTHORITIES

### CASES CITED

Page

*Aedes De Venustas v. Venustas,*
    2007 WL 2597122 (SDNY 2007)    2

*Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.,*
    231 F.R.D. 426 (M.D. Fla. 2005)    4

*In re Blackstone Partners, L.P.,*
    2005 WL 1560505 (S.D.N.Y. 2005)    5

*Concord Boat Corp. v. Brunswick Corp.,*
    169 F.R.D. 44 (S.D.N.Y. 1996)    5

*Farnsworth v. Proctor & Gamble Co.,*
    758 F.2d 1545 (11th Cir. 1985)    4

*G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.,*
    2007 WL 119148 (D. Nev. 2007)    3, 4

*Kirschner v. Klemons,*
    No. 99 Civ. 4828, 2005 WL 1214330 (S.D.N.Y. 2005)    5

*U.S. v. Garrett,*
    571 F.2d 1323 (5th Cir. 1978)    4

*Washington v. Thurgood Marshall Acad.,*
    230 F.R.D. 18 (D.D.C. 2005)    4

*Zink Communications v. Elliot,*
    1990 WL 170469 (S.D.N.Y. 1990)    5

### AUTHORITIES CITED

Fed.R.Civ.R. 26(c)    3

Fed.R.Civ.P. 45(c)(3)(A)(iv)    3

Fed.R.Civ.P. 65(a)(2)    5

ii

**INTRODUCTION**

This is a motion for a protective order to prevent the execution of a subpoena served upon Allen Silk Esq., the attorney who advised the defendant with regard to use of the trade name Venustas International.  In spite of the fact that the parties have had a trial on the merits on the issue of liability and the Court has made findings of fact regarding defendant's intent in adopting the trade name Venustas International, namely, that the defendants adopted the trade name in good faith, the plaintiff has noticed this deposition to gather additional evidence which it apparently plans to submit to the Court in an effort to relitigate the issue and have the Court change its mind regarding this finding of fact.

Because the Court has already made the finding of fact that the Defendant adopted the mark in good faith and because plaintiff did not appeal the Court's ruling or seek a new trial within the time allowed, the deposition of Mr. Silk can only provide information which would be irrelevant to any further proceedings in this case. Accordingly, defendant seeks a protective order prohibiting plaintiff from taking this deposition.

**STATEMENT OF FACTS**

This matter began with the filing of a complaint and an application for a temporary restraining order by plaintiff Aedes de Venustas seeking to enjoin defendant Venustas International from any further use of that trade name.  *See* Docket Entry No. 1, Complaint at pages 8-10, and Docket Entry No. 10, Motion for Preliminary Injunction at Document #2, Memorandum of Law.  On the day of the hearing, the parties agreed to proceed with the matter as an application for a preliminary injunction.  *See* Declaration of

1

Robert G. Shepherd ("Shepherd Dec.") at ¶2. When the matter was presented to the Court, the Court consolidated the preliminary injunction hearing with a trial on the merits of all claims for injunction. *See* June 1, 2007 Docket Entry titled "Memorandum to Docket Clerk." The Court further ordered all discovery to be completed within two weeks. *Id.* Early on in discovery, defendant produced an invoice from Allen Silk, Esq., the attorney who approved Venustas International LLC for defendant. Shepherd Dec. at ¶3, Exhibit 1. Thereafter, plaintiff's counsel took the deposition of Mr. Ghusson, the principal of defendant who worked with Mr. Silk. During the deposition, the services rendered by Mr. Silk's firm in clearing the name for use were discussed. *Id.* Plaintiff's counsel, however, did not depose Mr. Silk during the discovery period ordered by the Court.

Trial was held on July 13, 2007 and in an opinion and order entered September 12, 2007, the Court permanently enjoined defendant from using the name Venustas International LLC and from using any name incorporating the term "Venustas" as the name of its business or to denote its beauty product-related services." *Aedes De Venustas v. Venustas*, 2007 WL 2597122 (SDNY 2007). In the opinion, however, the Court held that "Defendant's uncontested due diligence efforts with its attorneys support a finding of good faith on its part, and thus, this factor weighs in favor of the Defendant." *Aedes De Venustas v. Venustas*, 2007 WL 2597122, at *7 (SDNY 2007). The decision from the trial on the merits was not appealed by either party and the defendant has since changed its name to Batallure Beauty LLC. Shepherd Dec. at ¶4.

Based on the Court's finding that the defendant had adopted the mark in good faith, the defendant has filed a motion for partial summary judgment that the plaintiff is not entitled to an accounting of defendant's profits. *See* Docket Entry No. 48. In response, plaintiff has served a subpoena on Allen Silk which seeks documents and testimony related *inter alia* to the steps Mr. Silk or his firm took "to determine whether the name "Venustas" alone or in combination with any other words infringed upon any registered trademarks." Shepherd Dec. at ¶5, Exh. 2, ¶1 of Schedule A. Plaintiff's counsel, in discussing the subpoena with defendant's counsel has stated that the purpose of the subpoena is to gather additional evidence on the issue of whether defendant's adoption of the trade name was in good faith. Shepherd Dec. at ¶6. Because the Court has already decided in a trial on the merits that the defendant had adopted the mark in good faith and the Court's ruling was not appealed by the plaintiff, the information sought by the plaintiff through this deposition is irrelevant to further proceedings in this case and is therefore burdensome. In view of the forgoing, defendant files this motion to quash the subpoena or obtain a protective order to prevent this deposition from proceeding.

## LEGAL ARGUMENT

### 1. Defendant Batallure Beauty LLC Has Standing to Attack the Subpoena

While Fed. R. Civ. P. 45(c)(3)(A)(iv) provides that "[o]n timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden", as a general proposition, a party lacks standing to challenge a subpoena to a non-party under Rule 45. A party does, however, have standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which

3

seek irrelevant information. *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, 2007 WL 119148 at *3 (D. Nev. 2007) *citing Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) and *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)(deeming a party's motion to quash subpoenas issued to non-parties as a motion for a protective order under Rule 26(c)).

This is exactly the basis for the challenge here. The Court has already conducted a trial on the merits and made a finding of fact on the issue of defendant's intent when adopting the mark and it has determined that the defendant acted in good faith. Any testimony or documents that the non-party may offer at this point are therefore irrelevant because the issue has already been decided. Because the defendant is moving for a protective order based on a n assertion that the testimony sought is irrelevant, the defendant is entitled to seek a protective order to prohibit execution of the subpoena.

### 2. Testimony Sought by the Plaintiff is Irrelevant to the Litigation at This Point in the Case

> The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege. *Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985). Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

*Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005).

"However, a 'subpoena that "pursues material with little apparent or likely relevance to the subject matter" ' is 'likely to be quashed as unreasonable even where the burden of compliance would not be onerous.'" *In re: Blackstone Partners, L.P.*, 2005 WL 1560505, at *2 (S.D.N.Y. 2005) *citing* to *Kirschner v. Klemons*, No. 99 Civ. 4828, 2005 WL 1214330, at *2 (S.D.N.Y. 2005) *quoting Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996).

The information sought through this subpoena, because it all relates to the issue of defendant's intent in adopting the mark, is clearly irrelevant to this case in its present posture. The issue of defendant's intent in adopting the mark was heard and decided by the Court in connection with the trial on the merits conducted by this Court on July 13, 2007 with regard to all claims for an injunction. The Court found that the defendant adopted the mark in good faith. This finding of fact, just like the other seven issues on which a finding of fact was made by the Court, are final findings, not preliminary findings, and no further evidence can be taken absent a motion to reopen the case.

An earlier case from this district, *Zink Communications v. Elliot*, 1990 WL 170469 (S.D.N.Y. 1990), is instructive on this issue. Therein, the plaintiff had filed a complaint and application for a preliminary injunction to enforce a negative covenant in a contract. The Court gave notice that it intended to consolidate the hearing on the preliminary injunction issue with a trial on the merits under Fed. R. Civ. P. 65(a)(2). The issue of damages was reserved in the event the plaintiff won the trial on the merits.

5

The trial was then held over several days and the Court found in favor of the plaintiff and enjoined the defendant. The defendant, as part of his motion for a new trial, proposed to offer evidence that the plaintiff had used its position in the industry to get a witness to testify favorably on its behalf. The Court, in reviewing the request stated that the threshold question was "whether the defendants have demonstrated reasonable diligence in failing to interview and proffer these witnesses' testimony *until after the evidence had closed and the Court had decided the case.*" *Zink Communications* at *3. (emphasis added). The Court found that the "question must be answered in the negative" and that the defendant also failed "to satisfy the separate requirement that the newly discovered evidence not be merely cumulative or impeaching". *Zink Communications* at *4.

Here, by comparison, the Court has held a trial on the merits of the case, the evidence has closed and the Court has decided the case. The plaintiff has not appealed the decision and has not moved for a new trial under either Fed. R. Civ. P. 59 or 60. Yet plaintiff wants to take a deposition of a third party, have that evidence considered by the Court and have the Court make a new finding of fact regarding the issue of the defendant's intent in adopting the mark. Plaintiff has asserted that this is a proper inquiry in connection with further proceedings on the damages issue. This would mean, however, that there would be a separate finding of fact on the issue of liability for injunctive relief and for damages and that the latter finding could be inconsistent with the earlier finding.

The finding of fact regarding the intent of the defendant, as well as all of the other 7 issues decided at trial, are matters to be determined when deciding liability at a trial on

6

the merits. If there is a finding of liability, then *based on those findings* the plaintiff is entitled to prove its damages or make a claim for defendant's profits. Once there is a finding of liability, however, the parties do not then go back and re-litigate the liability issues as if this were a whole new case. If that were done, the purpose of consolidation would be frustrated every time a defendant was enjoined because both parties would want to re-litigate all of the findings that were not decided in their favor during the trial on the merits. In this case, for example, if the Court were still taking evidence on liability issues, the defendant would likely want to take further discovery and present further evidence on the issues of actual confusion and likelihood of bridging the gap, but the defendant understands those issues to be closed even though they have an impact on the issue of damages. Therefore, if the plaintiff is moving to take the deposition of third party Allen Silk Esq as part of the discovery on damages, a protective order should be entered preventing the deposition from going forward because the only issue on which Mr. Silk's testimony is relevant is the defendants intent in adopting the mark and the issue of the defendant's intent in adopting the mark has already been decided in a trial on the merits with the Court entering a finding of fact that the mark was adopted in good faith.

In the alternative, if the purpose of the deposition is to gather evidence to submit as part of a motion for a new trial on liability, we note the testimony of Allen Silk can not be used for that purpose because, as was found in Zink Communications, Mr. Silk was known to the plaintiff well before discovery closed in the liability portion of the case and his deposition could have been taken during discovery in the liability portion of the case and his testimony could have been offered at the trial on the merits of the issue of the

defendant's intent in adopting the mark. Furthermore, Mr. Silk's testimony would only be useful to impeach the testimony of Mr. Ghusson. Accordingly, a protective order preventing the taking of Mr. Silk's deposition on these grounds should be entered as well.

## CONCLUSION

In view of the foregoing, namely, that the subpoena is directed to evidence related to a subject on which a final finding of fact has been made, the subpoena directed to Allen Silk, Esq. in seeking information irrelevant to the further proceedings in this matter and the deposition of Allen Silk, Esq. should therefore be barred by a Protective Order.

**Respectfully submitted:**

Dated: February 11, 2008        BY: s/ Robert G. Shepherd
                                Robert G. Shepherd, Esq.
                                MATHEWS, SHEPHERD, McKAY & BRUNEAU
                                29 Thanet Road, Suite 201
                                Princeton, New Jersey 08540-3661
                                Email:shep@mathewslaw.com