Joseph M. Heppt, Esq. (JMH-4974)
LAW OFFICES OF JOSEPH M. HEPPT
260 Madison Avenue, 21st Fl
New York, NY 10016
(212) 973-0839
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEDES DE VENUSTAS, INC., | |
| Plaintiff, | 07 Civ. 04530 (LTS)(THK) |
| vs. | |
| VENUSTAS INTERNATIONAL, LLC, | Document Electronically Filed |
| Defendant. | |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER TO
BAR PLAINTIFF FROM DEPOSING OR DEMANDING DOCUMENTS
OF NON-PARTY ALLEN SILK, ESQ.**

## Preliminary Statement

The defendant has brought the instant motion seeking to prevent the plaintiff from obtaining documents and deposition testimony via a subpoena served on Allen Silk, Esq. of the law firm of Stark & Stark. While the plaintiff does not believe that it is required to show that the defendant acted in bad faith when adopting its infringing name in order to obtain an award of defendant's profits, the defendant has argued to this Court that such a showing is still required. Therefore, the plaintiff served the contested subpoena on Mr. Silk, the attorney that advised the defendant on its name selection, seeking information as to whether the defendant acted in bad faith, which could be directly relevant to the proper scope of the damages to be awarded the plaintiff as a result of defendant's illegal conduct. As explained more fully below, despite defendant's vehement arguments to the contrary, the information sought is relevant to the question of damages and it is within this Court's discretion to allow this very limited discovery to proceed.

## Statement of Facts

When plaintiff commenced this action, after first unsuccessfully demanding in writing that the defendant cease and desist from infringing upon plaintiff's registered trademark, it sought a temporary restraining order. However, once the case was assigned to this Court, the plaintiff agreed to forego its request for a TRO and the parties agreed to a two week schedule for the completion of discovery.

After completion of the hearing on the merits of plaintiff's claim for injunctive relief, this Court granted plaintiff's request for a permanent injunction. The Court, in its decision, which was expressly limited to "the trademark-infringement related request for injunctive relief," applied the eight factors identified by the Second Circuit in *Polaroid Corp v. Polarad Elec. Corp.,* 287 F.2d 492 (2d Cir.1961) to the evidence presented both in the various declarations submitted by the parties in connection with plaintiff's motion as well as in the live testimony that was presented both in rebuttal and in cross

examination. The Court found that seven of the eight *Polaroid* factors favored the plaintiff. The only factor that the Court found favored the defendant was the factor relating to defendant's good faith in adopting its own mark. There the Court found, "Defendant's uncontested due diligence efforts with its attorneys support a finding of good faith on its part, and thus this factor weighs in favor of the Defendant." *De Venustas v. Venustas Intern., LLC.*, 2007 WL 2597122 at *7 (S.D.N.Y. 2007).

First, during a conference with Magistrate Judge Katz and subsequently during a telephone conference with Judge Katz on November 2, 2007, the defendant took the position that because the Court had issued a finding that the defendant had acted in good faith in adopting its mark, the defendant would seek permission of the Court to make a motion for partial summary judgment on the issue of plaintiff's right to an award of defendant's profits. Subsequently, on November 9, defendant's counsel wrote to the Court seeking leave to file such a motion. That leave was granted by the Court by Memorandum Endorsement on November 13. Prior to filing that motion, counsel for the parties conferred and the parties' relative positions were discussed. During that discussion, plaintiff's counsel advised defendant's counsel in an email of his intention to serve a subpoena on Allen Silk, Esq. A copy of that email is attached to the accompanying Declaration of Joseph M. Heppt, sworn to on February 19, 2008, as Exhibit A. No objection was made by defendant's counsel at that time.

<u>Argument</u>

**I.    Defendant's Motion Is Contrary To The Liberal Federal Policy In Favor Of Broad Discovery**

It is well established that in federal actions, discovery should be broad, and all relevant materials which are reasonably calculated to lead to the discovery of admissible evidence should be admissible. *Morrissey v. City of New York*, 171 F.R.D. 85 (S.D.N.Y. 1997) (citing Fed.R.Civ.P. 26(b)(1); *United States v. Nixon,* 418 U.S. 683, 709, 94 S.Ct. 3090, 3108, 41 L.Ed.2d 1039 (1974) ("The need to develop all relevant facts in the

adversary system is both fundamental and comprehensive"); *In Re First Chicago Corp.*, Not Reported in F.Supp., 1988 WL 74989 (S.D.N.Y. 1988) (holding when a subpoena is directed to a non-party, it is always important to consider the strong policy in favor of liberal discovery which leads to a full examination of the facts before trial.)

It bears emphasis that the party resisting discovery under the Federal Rules has the burden of demonstrating that the information sought is excepted from the otherwise liberal discovery policy of those rules. <u>See, e.g.,</u> *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 305 (S.D.N.Y. 1982); *Miller v. Doctor's General Hospital*, 76 F.R.D. 136, 139 (W.D. Okla. 1977). Here, as explained below, the defendant has not met its burden.

**II.     The Information Sought By The Subpoena Could Be Directly Relevant To The Issue Of The Proper Scope Of Damages To Be Awarded**

The thrust of defendant's argument in seeking a protective order is that the issue of whether the defendant acted willfully when infringing on the plaintiff's mark has already been decided by the Court. Therefore, defendant argues, the information sought by the subpoena is "not relevant" and plaintiff should be precluded from taking additional discovery on this issue. Defendant argues that the Court has held a trial on the merits of the case, the evidence has closed and the Court has decided the case. Defendant's Memorandum of Points and Authorities in Support of Its Motion for a Protective Order to Bar Plaintiff from Deposing or Demanding Documents on Non-Party Allen Silk, Esq. ("Defendant's Brief"), p. 6.

However, the November 11, 2007 decision by the Court did <u>not</u> dispose of this matter fully and cannot bar plaintiff from trying to discover new evidence that could be relevant to the issue of damages. The November 11 decision is expressly limited to the request for injunctive relief, which was granted when the Court found that seven of the eight *Polaroid* factors favored the plaintiff. Clearly, the single factor found to be in defendant's favor was not determinative. The parties were then directed by the Court to

-4-

proceed with the damages phase of the case under the supervision of Magistrate Judge Katz.  Thus, contrary to defendant's argument, the evidence has not closed. In fact, as recently as January 18, 2008, this Court stated in a Memorandum Endorsement that "[t]he undersigned has not stayed discovery in this matter." This Court clearly contemplated that discovery would proceed and that the parties would be entitled to develop proof on the issue of damages.

  a.  The Law of the Case Doctrine Does Not Bar Additional Discovery

Defendant's argument is essentially that the doctrine of "law of the case" should be applied to prevent plaintiff's attempt to take additional discovery.  However, as explained more fully below, the law of the case doctrine provides for revisiting prior rulings under certain circumstances, *including the availability of new evidence. See, e.g., United States v. Tenzer,* 213 F.3d 34, 39 (2d Cir.2000) (citing *Doe v. New York City Dep't of Soc. Servs.,* 709 F.2d 782, 789 (2d Cir.1983); *United States v. Fernandez,* 506 F.2d 1200, 1203 (2d Cir.1974)). Therefore, applying the doctrine specifically to prevent the discovery of such new evidence would be inappropriate.

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Liona Corp. v. PCH Assocs. (In Re PCH Assocs.),* 949 F.2d 585, 592 (2d Cir.1991) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 816, 108 S.Ct. 2166, 2177, 100 L.Ed.2d 811 (1988)). However, this "doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment." *Virgin Atl. Airways v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992); *see also Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983) ("Law of the case directs a court's discretion, it does not limit the tribunal's power."). The Second Circuit has stated, "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, *the availability of new evidence*, or the need to correct a clear

error or prevent manifest injustice.' " *Virgin Atl. Airways,* 956 F.2d at 1255 (emphasis added) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478, at 790 (1981)).

      b.      A Southern District of New York Case Is Instructive

A case recently relied upon by the defendant to support its argument that a showing by the plaintiff of defendant's bad faith is still a prerequisite to an award of the defendant's profits actually supports the plaintiff's right to take the additional discovery sought by the subpoena at issue. In *Malletier v. Dooney & Bourke, Inc.* 500 F.Supp.2d 276 (S.D.N.Y. 2007), after noting that the court had conducted a seven day hearing regarding the plaintiff's request for injunctive relief, Judge Scheindlin wrote:

> Unless Louis Vuitton has developed new proof of Dooney & Bourke's willful deceit, the only monetary remedy to which Louis Vuitton will be entitled, with respect to its infringement claim, are damages-not Dooney & Bourke's profits.

*Id*. at 282-283 (emphasis added) (quoting *Malletier v. Dooney & Bourke, Inc.,* 340 F.Supp.2d 415, 447 (S.D.N.Y. 2004)).  While the plaintiff here (along with various judges of this District) disagrees with Judge Scheindlin's holding with regard to the continuing validity of the *Blue Coral* willfulness requirement, the plaintiff does agree with Judge Sheindlin that, as a procedural matter, the mere fact that the court has made various findings when applying the *Polaroid* factors, does not preclude the plaintiff from offering new proof on the question of defendant's willfulness to support an award of defendant's profits.  Thus, the information sought by the contested subpoena could not be more relevant to the issues remaining in this case.

      c.      Defendant's Cases Are Inapposite

The defendant relies on several cases to support the proposition that where a non-party seeks information that is not relevant, a party has standing to seek a protective order regarding that subpoena. Defendant's Brief, pp. 3-4. However, each of those cases is premised on the fact that the subpoena at issue sought irrelevant information. Here, as

explained above, the information sought could be directly relevant to whether the plaintiff is entitled to an accounting of profit or will be limited solely to compensatory damages. Therefore, the cases relied upon by the defendant for this proposition are inapposite.

Defendant also relies on *Zink Communications v. Elliot*, 1990 WL 170469 (S.D.N.Y. 1990) for the proposition that where a court has held a hearing and has issued a permanent injunction no further discovery is permitted on the issues presented during the hearing on the injunction. Defendant's Brief, p. 5-6. That case, however, involved a motion by the defendant in that case for a new trial based upon new evidence purportedly obtained by the defendant. The judge in that case denied the defendant's motion for a new trial on the ground that the newly discovered evidence must not be merely cumulative or impeaching. Here, the plaintiff does not seek to re-litigate the entire case as the defendant in *Zink* did. The plaintiff has served a single non-party subpoena and is simply seeking to discover new evidence that might be relevant to the issue of the scope of damages to which it is entitled. Therefore, I respectfully submit that the *Zink* case is inapposite.

### III. Defendant Has Waived Any Objection Based Upon the Attorney Client Privilege

It is well established that the attorney-client privilege cannot at once be used as a shield and a sword. *See United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir.1991) (citing *In re von Bulow,* 828 F.2d 94, 103 (2d Cir.1987)). A defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes. *Id.* (citing *In re von Bulow,* 828 F.2d at 101-02). Accordingly, the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications. *Id.* (citing *United States v. Exxon Corp.,* 94 F.R.D. 246, 249 (D.D.C.1981)). Furthermore, when a party relies at trial on the advice of counsel as a defense to a claim of bad faith, that advice becomes a factual issue,

and "opposing counsel is entitled to know not only whether such an opinion was obtained but also its content and what conduct it advised." *Vicinanzo v. Brunschwig & Fils, Inc.,* 739 F.Supp. 891, 894 (S.D.N.Y.1990).

Here, it is incontrovertible that the defendant has relied upon the advice it received from Mr. Silk as a defense to the claim that it adopted its name in bad faith. In fact, during the hearing, Mr. Ghusson testified about his reliance on the advice he received from Allen Silk regarding the name selection. Tr. p. 92, ll. 17-25 (a copy of this testimony is attached to the Heppt Declaration as Exhibit B.) Therefore, although it has not raised such an objection in this motion, the defendant should be precluded from raising any such objection should the Court permit the deposition of Mr. Silk to proceed.

## Conclusion

As the foregoing demonstrates, defendant's motion for a protective order should be denied in its entirety, the third party deposition should be permitted to proceed and this Court should grant such other relief as it deems proper.

Dated:   New York, New York
         February 19, 2008

Respectfully submitted,

   /s Joseph M. Heppt
Joseph M. Heppt, Esq. (JH-4974)
260 Madison Avenue, 21st Fl
New York, NY 10016
(212) 973-0839

*Attorney for Plaintiff*