UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AEDES DE VENUSTAS, INC.,

                              Plaintiff,        07 Civ. 4530 (LTS) (THK)

vs.

VENUSTAS INTERNATIONAL, LLC,

                              Defendant.

    JOSEPH M. HEPPT, pursuant to 28 U.S.C. § 1746, declares as follows:

    1.    I represent the plaintiff, Aedes De Venustas, Inc., in the above captioned matter and I submit this declaration in opposition to defendant's motion for a protective order.

    2.    Attached hereto as Exhibit A is a true copy of an email message I sent to Robert Shepherd, Esq., defendant's counsel, on January 23, 2008.

    3.    I received no reply to that email other than the motion for partial summary judgment filed by the defendant. Defendant's counsel did not respond to my stated intention to subpoena Allen Silk, Esq.

    4.    Attached hereto as Exhibit B is a true copy of that portion of the hearing testimony cited in plaintiff's brief in opposition to defendant's present motion.

    I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on February 19, 2008.

                                                      /s
                                           Joseph M. Heppt, Esq. (JH-4974)

# EXHIBIT A

## Joseph M. Heppt

**From:** Joseph M. Heppt [jmheppt@hepptlaw.com]
**Sent:** Wednesday, January 23, 2008 3:35 PM
**To:** 'Robert Shepherd'
**Subject:** RE: Aedes de Venustas v. Batallure Beauty

Hello Bob,

I've read your email message regarding the status of the law in the Second Circuit on the issue of whether "bad faith" is a prerequisite to an award of profit to a plaintiff in a trademark infringement action. As you already know, I believe that the interpretations of the Third and Fifth Circuits, which have been adopted by (and rejected by) several district court judges in this Circuit is the proper one. I also believe that once presented with the question, the Second Circuit will agree with its sister Circuits and drop the requirement of a finding of bad faith. However, at the very least, you and I agree that there currently is a split in this Circuit on the question of whether the *George Basch* case continues to be binding precedent on this issue.

As to your argument that the Court has already ruled that your client acted in good faith when adopting its prior name, I suggest that her ruling does not resolve the question of whether profits would be available as a remedy to my client. The prior ruling, as you know, was made after very abbreviated discovery and was made in the context of the eight *Polaroid* factors to determine whether injunctive relief was warranted. Even if the *George Basch* case remains good law, which I do not believe to be true, I do not believe that Judge Swain's ruling on the injunctive relief necessarily controls the question whether an award of profit is warranted. Furthermore, in light of Judge Swain's memo endorsement granting your request for an additional week to file your motion in which she specifically said that she has not stayed discovery, I believe it would be appropriate for me to seek additional discovery on whether your client acted in good faith when it selected its name. Specifically, I plan to serve a subpoena on Mr. Silk at the Stark & Stark firm to discover exactly what was said to your client regarding the name Venustas International before your client chose it. Your client's reliance on his attorney's advice acted as a waiver of any applicable attorney client privilege. See, *Trouble v. Wet Seal, Inc.*, 179 F.Supp.2d 291 (SDNY 2001) (holding when a party intends to rely at trial on the advice of counsel as a defense to a claim of bad faith, that advice becomes a factual issue, and opposing counsel is entitled to know not only whether such an opinion was obtained but also its content and what conduct it advised.)

As for your argument that even if Judge Swain agreed with me, an accounting would still be inappropriate because in your mind your client did not benefit from the illegal conduct is unconvincing. The fact of the matter is that Judge Swain has found that there was <u>actual confusion</u> created by your client's use of the name Venustas International. That actual confusion was created among people in the fashion and beauty industry, which Judge Swain correctly noted, were important sources of potential referrals for my client's consulting work. In fact, both Mr. Ghusson and Ms. Burns testified during their depositions in this case that their contract with Ann Taylor came about because of a referral from someone in the beauty industry. Burns Tr. P. 32-33; Ghusson Tr. P. 32-33. Furthermore, I believe the fact that your client refused to cease using the name once I brought to its attention the fact that it infringed upon a registered trademark and continued to seek additional contracts is a fact that would be highly relevant in weighing the relevant equities. This is, of course, another area that would need to be explored in discovery and subpoenas directed to your client's customers would be appropriate. Thus, contrary to your assertion that it would be a "windfall," at the minimum I believe that my client would be entitled to an award of profit under the theory of unjust enrichment and an accounting would be entirely appropriate.

I understand that, according to the Judge's rules, you and I are expected to discuss our positions over the phone after which you may file your motion. I will be available generally all day tomorrow, although I do have a lunch appointment outside the office.

Joe

# EXHIBIT B

1   International to the lawyers, did you bother to Google the name
2   Venustas International?
3   A.  No, sir.
4   Q.  And if you had Googled Venustas International, you would
5   have found that there was another company called Aedes De
6   Venustas that was already out there in the beauty industry.
7   Isn't that true?
8   A.  I would have found that there was an Aedes De Venustas
9   store that sells perfume product in Christopher Street in the
10  Village, and that's not in the business that I'm in.
11  Q.  Wouldn't that indicate to you that there was a potential
12  problem with using the name Venustas International?
13  A.  No, sir.
14  Q.  It would not have indicated to you in any way that there
15  might have been a problem?
16  A.  Absolutely not.
17  Q.  And you sent the name Venustas International to your
18  lawyer.  Correct?
19  A.  Yes, sir.
20  Q.  Mr. Allen Silk, I believe you told us?
21  A.  Allen Silk from Stark & Stark.
22  Q.  And he checked the name out, and he said that it was clear?
23  A.  He sent me an invoice that says that he cleared the name
24  for our corporate name as well as a trademark, and you have a
25  copy of that.