Robert G. Shepherd, Esq. (RGS-5946)
MATHEWS, SHEPHERD, McKAY & BRUNEAU, P.A.
29 Thanet Road, Suite 201
Princeton, NJ 08540
Tel: (609) 924-8555

Of Counsel:
Philip Colicchio, Esq.
Taylor, Colicchio & Silverman, LLP
502 Carnegie Center, Suite 103
Princeton, NJ 08540
Tel: 609 987-0022
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEDES DE VENUSTAS, INC., | Civil Action No.: 1:07-04530 (LTS) |
| Plaintiff, | |
| v. | |
| VENUSTAS INTERNATIONAL, LLC, | **Motion Returnable:** |
| Defendant. | Honorable Laura Taylor Swain<br>Magistrate Judge Theodore Katz |
| | Documents Electronically Filed |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER TO BAR PLAINTIFF FROM DEPOSING OR DEMANDING DOCUMENTS OF NON-PARTY ALLEN SILK, ESQ.**

## Introduction

As grounds for taking the deposition of Allen Silk, the attorney for Batallure Beauty, plaintiff cites *In Re First Chicago Corp.,* 1988 WL 74989 (SDNY 1988) as standing for the proposition that when a subpoena is directed to a non-party, it is always important to consider the strong policy in favor of liberal discovery which leads to full examination of the facts **before trial.** *See* Document 60, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Protective Order to Bar Plaintiff from Deposing or Demanding Documents of Non-Party Allen Silk, Esq., at Pg. 4 (emphasis added). This dispute, however, is not about a case which is "before trial." To the contrary, the parties have had a trial on the merits on all issues related to injunctive relief. A final judgment has issued on that aspect of the case and the time to take any appeal of that decision has long since passed. The cases cited by plaintiff, however, while not dealing with trademark law or the effect of consolidated hearings, are instructive in deciding this motion.

## Law of the Case Doctrine Is Not Applicable to the Case Herein

Plaintiff argues that the doctrine applicable to this issue is "The Law of the Case Doctrine" which provides that a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation. *In re PCH Associates,* 949 F.2d 585, 592 (2d Cir. 1990). The doctrine is a discretionary practice and generally does not limit a court's power to reconsider an issue. *Id.* As plaintiff notes, "[T]he Second Circuit has stated, '[t]he major grounds justifying reconsideration are "an intervening change of controlling law, *the availability of new evidence,* or the need to correct a clear error or prevent manifest injustice."'" *See* Document 60, Pg. 5 of Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for a Protective Order to Bar Plaintiff from Deposing or

Demanding Documents of Non-Party Allen Silk, Esq. *citing Virgin Atlantic Airways, Ltd. v. National Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (emphasis added by Heppt). Because new evidence will allow the Court to reconsider a previous holding, plaintiff then argues that it should be permitted to take the deposition of non-party Allen Silk, Esq. in an attempt to find new evidence to present to the Court to enable the Court to reconsider the issue of defendant's good faith in adopting the mark. In support of this proposition, plaintiff points to *Malletier v. Dooney & Bourke, Inc.*, wherein the Judge, in denying plaintiff the right to profits as a remedy because it had not proven willful deceit, invited the plaintiff to offer new proof on the issue suggesting that the Court would reconsider the issue if such new proof were offered. 500 F.Supp. 2d 276 (S.D.N.Y. 2007). In that case, we agree that this would be procedurally appropriate because the only decision that had been made by the Court was to deny plaintiff's application for a preliminary injunction. In such a litigation posture, the parties are free to conduct additional discovery on the issues reviewed and decided by the court because no final judgment had issued.

As noted above, however, this case stands at a point, procedurally, where the Law of the Case Doctrine does not apply. This point is actually noted by plaintiff in its brief wherein it states that "the doctrine is admittedly discretionary and does not limit a court's power to reconsider its own decisions *prior to final judgment.*" Document 60 citing to *Virgin Atlantic* at *1255.*

Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit. These rules do not involve preclusion by final judgment; instead, they regulate judicial affairs before final

2

judgment. 18 C. Wright, A. Miller & E. Cooper Federal Practice & Procedure, Section 4478, at 788 (1981).

Here we have had a trial on the merits and judgment was issued in the form of an order permanently enjoining the defendant from using the term "Venustas". Neither party filed a motion for reconsideration nor was an appeal taken, so the order became a final judgment.

The doctrine that pertains to the dispositive effect of a final judgment on the merits of an action is the issue preclusion prong of Res Judicata. The purpose of the doctrine is "to preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Arizona v. California*, 103 S.Ct. 1382, 1391, 460 U.S. 605, 619 (1983) *citing Montana v. United States,* 440 US 147, 153, 99 S.Ct. 970, 973 (1979). In this case, it is the doctrine of issue preclusion that is relevant. The plaintiff seeks to continue to litigate the issue of defendant's good faith in adopting the mark after the Court has rendered a final judgment on this issue.

With respect to issue preclusion, for the doctrine to be properly invoked, the particular issue currently in dispute must have been both actually litigated and actually decided. *In re PCH Associates* at 593 (citations omitted). Moreover, to act as an estoppel, the determination of the issue must have been essential to the judgment. *Id.* Accordingly, the bar of issue preclusion applies if "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *In re PCH Associates* at 593 (citations omitted).

In this case, the issue in question, defendant's intent in adopting the mark, is identical for both the trial on the merits for injunctive relief and the present phase of the litigation regarding damages. That there are not different types of intent considered by the court in deciding injunctions and damages can be seen in any analysis of the Polaroid factors including in the *Mallatier v. Dooney & Bourke, Inc.,* the case cited by the plaintiff.

The issue in the prior proceeding, the trial on the merits of the injunction proceeding, was most definitely, actually litigated and decided. The issue was discussed in each of the briefs submitted by both parties and the court made a specific finding of fact, namely, that the defendant adopted the mark in good faith.

The parties also had a full and fair opportunity to litigate the matter of defendant's intent in the prior proceeding. The Court provided for a short discovery period and during that period defendant's principals were deposed. With regard to the particular witness plaintiff seeks to depose and obtain documents from, defendants provided plaintiff with the invoice from Mr. Silk and answered deposition questions about Mr. Silk's involvement in choosing the name. Defendant never asserted the attorney client privilege in response to any questions raised in the deposition or at any other point. Plaintiff apparently decided against deposing Mr. Silk during the discovery period and points out quite ably in its brief in opposition to this motion for a protective order that defendant was not entitled to a claim of privilege if it was going to rely on the opinion of counsel as part of its case on defendant's intent in adopting the mark.

Finally, the issue litigated was necessary to support a valid and final judgment on the merits. This issue is just one of the issues to be considered in deciding whether defendant's mark infringes on the plaintiff's mark, and has implications on the issue of damages and the plaintiff's right to profits in the damages phase of the case.

## Conclusion

As noted in defendant's moving brief, the only subject on which non-party Allen Silk, Esq. is competent to testify is the defendant's intent in adopting the mark. Because the issue of defendant's intent (1) is identical for both the trial on the merits for injunctive relief and the present phase of the litigation regarding damages, (2) was actually litigated and decided, (3) was litigated fully and fairly and (4) was a necessary issue to be considered in rendering the final judgment, no further discovery can be taken on this issue. Accordingly, Mr. Silk's documents and testimony on this subject are irrelevant for purposes of this case and defendant's motion for a protective order barring the plaintiff from taking the deposition of non-party Allen Silk, Esq. should be granted.

Respectfully submitted:

Dated: February 20, 2008

BY: s/ Robert G. Shepherd
Robert G. Shepherd, Esq.
MATHEWS, SHEPHERD, McKAY & BRUNEAU
29 Thanet Road, Suite 201
Princeton, New Jersey 08540-3661
Email: shep@mathewslaw.com