UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AEDES DE VENUSTAS,

                Plaintiff,

    -against-                        No. 07 Civ. 4530 (LTS) (THK)

VENUSTAS INTERNATIONAL, LLC.,

                Defendant.

### OPINION

    Defendant Venustas International, LLC ("Defendant" or "Venustas"), now known as Batallure Beauty LLC moves this Court for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to prevent the execution of a subpoena served by Plaintiff Aedes de Venustas ("Plaintiff" or "Aedes") upon Allen Silk, Esq., the attorney who advised the Defendant regarding the adoption of its trade name. The Court has thoroughly reviewed and considered all submissions on this matter. For the reasons explained below, the Defendant's motion for a protective order is denied.

### BACKGROUND

    Plaintiff sought to enjoin Defendant in this trademark action from any further use of the name Venustas International LLC, or any name incorporating the terms "aedes" or "venustas." See Aedes De Venustas, Inc. v. Venustas International, LLC, No. 07 Civ. 4530, 2007 WL 2597122 (S.D.N.Y. Sept. 11, 2007). The Court consolidated the preliminary injunction hearing with the trial on the merits of the injunctive relief aspects of Plaintiff's federal trademark infringement claim, which was the subject of the preliminary injunction motion. Id.

Following the trial, the Court issued an Opinion and Order permanently enjoining Defendant from using the name Venustas International LLC and from using any name incorporating the term "venustas." Id. at *8. The Court found that Plaintiff had shown a likelihood of consumer confusion sufficient to warrant a permanent injunction. Id. at *2. In determining the likelihood of confusion, the Court considered the non-exclusive factors that the Second Circuit outlined in Polaroid Corp. v. Polarad Electronics Corp., 287 F.2d 492, 495 (2d Cir. 1961), and held that "[b]ecause the majority of the *Polaroid* factors, including the important factor of evidence of actual confusion, favor the Plaintiff, the Plaintiff has established actual success on the merits . . . and thus has also established that it will suffer irreparable harm in the absence of injunctive relief." Venustas, 2007 WL 2597122 at *8.

Defendant thereafter requested permission to file a motion seeking partial summary judgment in its favor on the ground that Plaintiff, as a matter of law, is not entitled to an award of Defendant's profits.[1] Defendant's proffered basis for the motion is its belief that, in the Second Circuit, a finding of "willful deceit" is necessary to award a defendant's profits as a remedy for infringement and that, in its opinion granting the permanent injunction, the Court had made a factual finding that Defendant adopted the mark "Venustas International LLC" in good faith. Id. Defendant refers to the Court's statement regarding the sixth *Polaroid* factor that "Defendant's uncontested due diligence efforts with its attorneys support a finding of good faith

---

[1] Under the Lanham Act, a plaintiff who successfully establishes a "violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) . . . shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action." 15 U.S.C.A. §1117 (West 2007) (emphasis added).

on its part, and thus this factor weighs in favor of the Defendant." <u>Venustas</u>, 2007 WL 2597122 at *7. The Court granted Defendant's request for permission to file the motion.

Plaintiff subsequently served a subpoena on Allen Silk, Esq., the attorney who advised Defendant as to the adoption of the Venustas International LLC name, seeking documents and testimony related, <u>inter alia</u>, to the steps that Mr. Silk or anyone, at his direction, took "to determine whether the name 'Venustas' alone or in combination with any other words infringed upon any registered trademarks." (Shepherd Dec. ¶ 5, Exh. 2, ¶ 1 of Schedule A.) Defendant now moves for a protective order that would quash the subpoena, arguing that the only information sought by the subpoena relates to Defendant's intent in adopting its mark and is irrelevant in light of the Court's "finding of fact," in its September 11, 2007, Opinion and Order, regarding Defendant's intent.

## DISCUSSION

Defendant has the burden, as the party moving to quash the subpoena, of establishing that the information that is the subject of the subpoena is not discoverable. <u>Concord Boat Corp. v. Brunswick Corp.</u>, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Defendant has failed to meet its burden.

Defendant's argument is essentially that the law of the case doctrine should be applied to prevent Plaintiff from obtaining additional discovery on issues related to Defendant's intent in adopting the Venustas mark. Defendant vigorously argues in its reply memorandum of law that the Court should analyze the question as one of issue preclusion. (<u>See</u> Def.'s Reply Mem.) However, as the Second Circuit has made clear, although the doctrines of law of the case and issue preclusion are similar, "law of the case is concerned with the extent to which law

applied in a decision at one stage of the litigation becomes the governing principle <u>in later stages of the same litigation</u>. *Res judicata* does not speak to direct attacks in the same case, but rather has application in <u>subsequent actions</u>." <u>Rezzonico v. H&R Block, Inc.</u>, 182 F.3d 144, 148 (2d Cir. 1999) (emphasis added). "As most commonly defined, the [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in <u>subsequent stages in the same case</u>." <u>Arizona v. California</u>, 460 U.S. 605, 618 (1983) (emphasis added). Defendant is arguing that a finding during the liability phase of the case is binding during the subsequent damages phase of the <u>same</u> litigation. Issue preclusion is thus inapplicable here. <u>In re Korean Air Lines Disaster of September 1, 1983</u>, 798 F. Supp 755, 758 (E.D.N.Y. 1992) ("issue preclusion is inapplicable here because the instant [damages] proceedings do not constitute a separate cause of action from the liability phase of the multidistrict litigation").

The law of the case doctrine holds that, "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages of the same case." <u>United States v. Uccio</u>, 940 F.2d 753, 758 (2d Cir. 1991). This doctrine, however, "is not an inviolate rule in this Circuit." <u>United States v. Birney</u>, 686 F.2d 102, 107 (2d Cir. 1982). Instead, the Second Circuit has reiterated its "long-established view that the law of the case is, at best, a discretionary doctrine which does not constitute a limitation on the court's power, but merely expresses the general practice of refusing to reopen what has been decided." <u>Id.</u> (internal quotations omitted). The focus under this prong of the doctrine is whether, in choosing not to apply the doctrine, the party seeking the benefit of the doctrine is prejudiced, where the term "prejudice" refers to a lack of sufficiency of notice or a lack of sufficient opportunity to prepare

armed with the knowledge that the prior ruling is not deemed controlling. Uccio, 940 F.2d at 758.

To the extent that the law of the case doctrine would be applicable to give preclusive effect to a single *Polaroid* factor finding made during the injunctive relief stage of a proceeding on a later statutory damages claim, the Court exercises its discretion not to apply the doctrine.

Furthermore, Defendant has proffered no evidence that it would suffer prejudice if the Court refused to apply the doctrine. Defendant is fully aware of the critical nature of the issue of its intent to the damages phase of this proceeding. In fact, Defendant has moved for partial summary judgment based on its belief that Plaintiff's recovery hinges on Plaintiff's ability to show Defendant's bad faith. Defendant is aware of the existence of the subpoena served on Mr. Silk and, according to Defendant's own admission, Plaintiff's counsel "stated that the purpose of the subpoena is to gather additional evidence on the issue of whether defendant's adoption of the trade name was in good faith." (Shepherd Decl. ¶ 6.) Although Defendant has already filed its motion for partial summary judgment, opposition and reply papers are awaiting the outcome of the present motion. (See Docket Entry No. 53.) Defendant will have the opportunity to marshal its own evidence regarding good faith and can seek to supplement its moving papers if it wishes.

CONCLUSION

For the foregoing reasons, Defendant's motion for a protective order under

Federal Rule of Civil Procedure 26(c) to bar Plaintiff from deposing or demanding documents of Mr. Silk is denied.

SO ORDERED.

Dated:   New York, New York
         March 5, 2008

                                        LAURA TAYLOR SWAIN
                                        United States District Judge