UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Aedes De Venustas, Inc.,

        Plaintiff,

v.

Venustas International, LLC,

        Defendant.

1:07-CV-04530-LTS-THK
ECF Case

## DECLARATION OF SAM GHUSSON

I, Sam Ghusson, declare as follows:

1. I am over the age of 18 and make this declaration in support of defendant, Batallure Beauty, LLC f/k/a Venustas International, LLC, ("Batallure"). I make this declaration of my own knowledge and could and would testify as to the matters set forth below if called upon to do so.

2. I am President and Chief Executive Officer of Batallure.

3. I engaged Mr. Allen Silk, of the law firm Stark & Stark, to clear the name of the new corporate entity I was starting.

4. I was advised by Silk that the first name I asked Silk to clear, "The Pulse", was not available for my use.

5. I was advised by Silk that the second name I asked Silk to clear, VENUSTAS, was available for my use.

6. When I received an invoice from Silk's law firm for "professional services rendered, including corporate and trademark search for name availabilty…" I assumed that the

1

VENUSTAS name had been cleared for use as both a corporate name and trademark, and that a trademark clearance search of the name was included in the services that Silk rendered to me.

7.  When I was advised by Mr. Silk that the VENUSTAS name was available, and that it was a name I could use for my new corporate entity, I understood that to mean that the name was clear for my use.

8.  I am aware that Silk was deposed in connection with this litigation, and I have reviewed Silk's deposition testimony.

9.  During his deposition, Mr. Silk was asked, by Plaintiff's counsel Mr. Heppt, if he had discussed, with myself or with Robin Burns, whether "the name [VENUSTAS] should be cleared in terms of trademark usage?" In response, Mr. Silk testified as follows: "I believe there were two times I discussed this with Mr. Ghusson." Deposition Transcript of Mr. Allen Silk ("Silk Tr.") 18:11-19:10, annexed as Exhibit A to the Declaration of Robert G. Shepherd.

10. During his deposition, Mr. Silk further testified that he discussed with me his firm's "quote for trademark work" and the "need or the advisability of doing a trademark search". Silk Tr. 23:10-25:14.

11. Contrary to Mr. Silk's testimony, at no time did Mr. Silk discuss with me his firm's "quote for trademark work" or advise me of the "need or the advisability of doing a trademark search". At no time did I say that I "would get back to" Silk with authorization to proceed with trademark work. Silk Tr. 25:11-26:2.

12. At no time did I intend to confuse people into thinking that my company was affiliated with plaintiff.

13. Immediately after the Court determined that my and Ms. Burns' use of the VENUSTAS mark infringed upon the rights of plaintiff, Venustas International, LLC changed its

2

name to Batallure Beauty LLC and presently does business under that name only. *See*, Certificate of Amendment annexed as <u>Exhibit A</u> hereto.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 23, 2008 at Princeton, New Jersey.

By: Sam Ghusson