UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Aedes De Venustas, Inc.,

                        Plaintiff,

      v.

Venustas International, LLC,

                        Defendant.

1:07-CV-04530-LTS-THK
ECF Case

## DECLARATION OF ROBERT G. SHEPHERD, ESQ.

I, Robert G. Shepherd, declare as follows:

1.      I am over the age of 18 and make this declaration in support of defendant, Batallure Beauty, LLC f/k/a Venustas International, LLC, ("Batallure"). I make this declaration of my own knowledge and could and would testify as to the matters set forth below if called upon to do so.

2.      I was previously lead trial counsel for Batallure in connection with this litigation.

3.      On March 20, 2008, I deposed Mr. Allen M. Silk, the attorney who started Venustas International, LLC, a New Jersey entity.

4.      A copy of relevant excerpts of the transcript from Mr. Silk's deposition is annexed hereto as Exhibit A.

5.      Nearly a year prior to Mr. Silk's deposition, on June 6, 2007, Mr. Silk left me a voicemail message. During Mr. Silk's deposition, I played the recording of Mr. Silk's voicemail message. I also provided a typed transcript of the recording to Mr. Silk and Mr. Silk's attorney. In his voicemail message, Mr. Silk made the following statements: "I know that we talk to all our clients about running some sort of federal, you know, check to see what's going to happen.

1

Rachel Stark does most of that to see if we are going to try to protect the name federally, but I think that Sam was on his own course at that time and was going to deal with things as time went on, but I can't honestly remember at this point." Deposition Transcript of Mr. Allen Silk ("Silk Tr.") 74:21-76:23.

6.      During his deposition, Mr. Silk was asked, by Plaintiff's counsel Mr. Heppt, whether he had discussed, with Mr. Ghusson and Ms. Burns of Batallure, that "the name [VENUSTAS] should be cleared in terms of trademark usage?" In response, Mr. Silk's testified as follows: "I believe there were two times I discussed this Mr. Ghusson. I never had this discussion with Mrs. Burns." Silk Tr. 18:11-19:10.

7.      During his deposition, Mr. Silk confirmed that "there is nothing in the file that memorializes either of those telephone –either of those conversations with Sam [Mr. Ghusson]". Silk Tr. 77:5-13. Furthermore, there was a firm checklist in the file which included an entry for a discussion of trademark issues with the client. Some of the task boxes were checked but the one confirming a discussion of trademark matters with the client was not.

8.      During the deposition, I asked Mr. Silk: "what is it that happened between the time you left this [voicemail] message and now that that makes you now remember that you had two telephone conversations with Sam about an issue that wasn't even memorialized in your file?" To this question, Silk responded that he did not "remember if [he] said two telephone conversations..." Silk Tr. 77:14-78:7.

9.      I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on May 23rd, 2008 at New York, New York.

2

By: Robert G. Shepherd