Joseph M. Heppt, Esq. (JH-4974)
LAW OFFICES OF JOSEPH M. HEPPT
260 Madison Avenue, 21st Fl
New York, NY 10016
Tel: (212) 973-0839

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AEDES DE VENUSTAS, INC., | |
| Plaintiff, | 07 Civ. 04530 (LTS)(THK) |
| vs. | |
| VENUSTAS INTERNATIONAL, LLC, | |
| Defendant. | Document Electronically Filed |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S LOCAL CIVIL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS**

A.  Pursuant to Local Civil Rule 56.1, Plaintiff Aedes De Venustas, Inc. submits this response to Defendant's Statement of Undisputed Material Facts

 1. Plaintiff does not dispute the facts contained in this paragraph.

 2. The facts alleged in this paragraph are inconsistent with the evidence cited. Contrary to the description of Defendant's business contained in this paragraph, Ms. Burns, in the portion of her deposition cited by the Defendant, described the Defendant as a company whose "focus is on various classifications of beauty products that include color cosmetics, fragrance, that and body care, skin care, home fragrances, and edibles for men and women."  Burns Tr. 17:10-18. Other than that clarification, plaintiff does not dispute the facts contained in this paragraph.

 3. Plaintiff does not dispute the facts contained in this paragraph.

 4. Plaintiff does not dispute the facts contained in this paragraph.

 5. Plaintiff does not dispute the facts contained in this paragraph.

6. The facts as alleged in this paragraph are not supported by the evidence cited. While the time sheet cited does indicate a November 9, 2005 telephone conference between Allen Silk and Sam Ghusson to discuss a new business venture, it does <u>not</u> indicate that Ghusson asked Silk to clear the name for trademark purposes as this paragraph implies. McCallion Decl. Ex. D (Stark & Stark timesheet) In fact, as set forth below, Mr. Silk was retained simply to form the entity and not to clear the name for trademark purposes. Silk Tr. 11:9-12; 13:7-11. Furthermore, the evidence in this case shows that at the time of the November 9, 2005 call, no name had been selected for the new entity. In fact, in paragraph 3 above, the Defendant acknowledges that proposed names were not developed until the Spring of the following year.

7. Ghusson's "understanding" as described in this paragraph is inconsistent with other evidence developed in this case. For example, as set forth below, Allen Silk was retained simply to form the entity, and was not retained to "clear the name" for trademark purposes. Silk Tr. 11:9-12; 13:7-11. Furthermore, Mr. Silk discussed the need to conduct a trademark search on the company's name with Mr. Ghusson on at least two occasions, provided an estimate for such work and Mr. Ghusson never authorized him to do that work. Silk Tr. 18: 11 – 20:5; 23:19 – 25:14; 25:25 – 26:2.

8. Plaintiff does not dispute the facts contained in this paragraph.

9. The facts as stated in this paragraph are not consistent with other evidence developed during this case. As discussed below, the name "The Pulse" was checked by Mr. Silk simply for availability for use in New Jersey to form an LLC. Silk Tr. 11:9-12:21.

10. Plaintiff does not dispute the facts contained in this paragraph.

11. The facts as stated in this paragraph are not consistent with other evidence developed during this case. As discussed below, Defendant asked Mr. Silk to check the availability of the name "Venustas International" for use in forming a New Jersey LLC.

Mr. Silk was never authorized to clear that name for trademark purposes. Silk Tr. 11:9-12:21; 25:25 – 26:2.

      12.     Plaintiff does not dispute the facts contained in this paragraph.

      13.     Plaintiff does not dispute the facts contained in this paragraph.

      14.     Plaintiff does not dispute the facts contained in this paragraph. However, as discussed below, when the client directed Mr. Silk to "register" the name Venustas International, he understood that to mean to file that change to the Certificate of Formation in New Jersey. Silk Tr. 15:21-16:20.

      15.     Plaintiff does not dispute the facts contained in this paragraph.

      16.     Plaintiff does not dispute the facts contained in this paragraph, except states that, as discussed below, the reference in this invoice to "trademark search for name availability" was inaccurate since that work was never authorized by the client and the estimate for the trademark work alone was nearly double the amount of the entire invoice. Silk Tr. 42:10 – 45:2.

      17.     Plaintiff does not dispute the facts contained in this paragraph.

      18.     Plaintiff disputes the facts as set forth in this paragraph and, in particular, the characterization of this document to the extent that it suggests the document relates to Venustas International. As discussed below, this document was a form used by Mr. Silk's paralegal simply to determine her billing. Furthermore, the form on its face states that it relates to the formation of RBSG Enterprises, LLC and no similar form exists for Venustas International LLC. Silk Tr. 53:23 – 55:11.

      19.     Plaintiff does not dispute the facts contained in this paragraph, except states that the parties agree, as noted by this Court in its September 11, 2007 Opinion and Order, that both companies rely upon personal referrals and word of mouth for new clients for their product development business.

      20.     Plaintiff does not dispute the facts contained in this paragraph.

      21.     Plaintiff does not dispute the facts contained in this paragraph.

22. Plaintiff does not dispute the facts contained in this paragraph, except states that the "acquaintance" was a beauty industry insider and Ms. Burns' testimony constitutes an admission that there was actual confusion.

23. Plaintiff does not dispute the facts contained in this paragraph.

B. Pursuant to Local Civil Rule 56.1, Plaintiff submits the following short statement of additional undisputed facts.

1. Allen Silk, a partner with the law firm Stark & Stark, was retained by the Defendant simply to form a limited liability company in New Jersey. March 20, 2008 Deposition Transcript of Allen Silk ("Silk Tr."), 11:9-12, attached to the Declaration of Joseph M. Heppt, Esq., sworn to on June 13, 2008 (the "Heppt Declaration") as Exhibit A.

2. Mr. Silk was not retained to clear any of the proposed names for the new entity for trademark purposes. Silk Tr. 13:7-11.

3. Mr. Silk discussed with Sam Ghusson, Defendant's President and Chief Executive Officer, the need to do a trademark search on the name of Defendant's new business on at least two occasions. The first time Mr. Silk discussed it with Ghusson was when Mr. Silk was retained to form the entity. Ghusson told him at that time, "We're just forming an entity. We don't know what we're going to do with it yet. Let's just wait and see." Silk Tr. 18: 11 – 20:5.

4. Mr. Silk was certain that he had discussed the advisability of conducting a trademark search with Ghusson regarding Venustas International, LLC.  Silk Tr. 79:18-22.

5. Mr. Silk later revisited the need for a trademark search with Ghusson when he provided Ghusson with an estimate for doing the trademark search and that the estimate was that the work would cost between $2,913 and $3,413. Silk Tr. 23:19 – 25:14; Heppt Declaration, Exhibit B.

6. Because the trademark estimate was approximately double the cost of forming the entity and because the Defendant was still in the initial stages of setting up

4

their business, negotiating a contract and didn't yet have a deal done, Ghusson told Mr. Silk that he would "get back to him." However, Ghusson never did get back to him. Silk Tr. 25:15-24.

7.  Mr. Silk never received authorization from the client to do the trademark clearing work. Silk Tr. 25:25 – 26:2.

8.  Mr. Silk was certain that he had discussed the estimate with Ghusson. Silk Tr. 80: 16-22.

9.  The reference to "trademark work" on the $1,560.00 invoice presented to the Defendant was a mistake because the trademark work, which was estimated to cost between $2,913 and $3,413, was never done. Silk Tr. 42:10 – 45:2.  Heppt Declaration, Exhibit C.

10. Ghusson has had experience in dealing with trademark issues and dealing with lawyers on trademark issues during his career in the beauty industry. June 12, 2007 Deposition Transcript of Sam Ghusson ("Ghusson Tr."), 8:7 – 9:1, attached to the Heppt Declaration as Exhibit D.

11. When Ghusson received the list of proposed names from his assistant Mina Coccia, he circled the name Venustas because he liked it. Ghusson Tr. 16:1-4.

12. The name "The Pulse" was checked for availability for the formation of an LLC in New Jersey and Myra Gibson, a paralegal at Stark and Stark, conducted a search which indicated that the name could not be used to form an LLC in New Jersey called "The Pulse" because there were already many New Jersey LLC's formed with the word Pulse in the name.  Silk Tr. 11:24-12:21; 50:7-14.

13. When Ghusson sent Mr. Silk an email on March 17, 2006 advising him that he and Burns had agreed on a name for their company and instructing him to go ahead and register it as Venustas International, Silk understood that to mean that he was to file an amendment to the Certificate of Formation in New Jersey changing the name of the entity to Venustas International. Silk Tr. 15:21-16:20.

14. The document produced in this litigation by Stark & Stark, entitled "New Jersey LLC Formation Checklist," was a form used by his paralegal simply to determine her billing. The form on its face states that it relates to the formation of RBSG Enterprises, LLC and no similar form exists for Venustas International LLC. Silk Tr. 53:23 – 55:8.

15. On April 16, 2007, Plaintiff, through its attorneys, sent a letter to Defendant's 405 Lexington Avenue, New York address, demanding that it cease its infringement, unfair competition and dilution of Plaintiff's registered AEDES DE VENUSTAS name and mark. Heppt Declaration, Exhibit E.

16. The Defendant refused to cease its infringing conduct. Instead, by its own admission, it did not cease its infringing conduct until ordered to do so by this Court. Ghusson Declaration, sworn to on May 23, 2008, ¶13.

Dated: New York, New York
       June 13, 2008

                                          Respectfully submitted,

                                              /s
                                        Joseph M. Heppt (JH 4974)
                                        260 Madison Avenue
                                        New York, New York 10016
                                        (212) 973-0839
                                        Attorney for Plaintiff
                                        Aedes De Venustas, Inc.